LYMAN M. PAINE

*v.*

JOHN ROOT.

*Filed at Ottawa May 12, 1887.*

1. WRIT OF POSSESSION—*in favor of a purchaser under decree.* To authorize the award of a writ of possession in favor of a purchaser under a decree, against one in possession of the land, it must be clearly shown that the former was either a party to the suit in which the writ is asked, or that he purchased *pendente lite.*

2. LIS PENDENS—*as against a purchaser under execution.* The pendency of a bill by a member of a corporation against the corporation and its board of directors, to compel the latter to discharge their duties, will not affect the right of a judgment creditor of the corporation to collect his judg-

ment by sale of the lands of the corporation; and when a sale is made of its land under such a judgment, pending such bill, neither the corporation, nor one claiming under it, though through a sale under a decree rendered in the chancery suit, can invoke the doctrine of *lis pendens* to affect the purchaser under the judgment at law. That doctrine has no application to such a case.

3. In such case, the fact that there may be other and superior liens upon the property in favor of other parties, is of no concern of the corporation or its members.

Appeal from the Appellate Court for the Second District;— heard in that court on writ of error to the Circuit Court of Henry county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. J. T. Kenworthy, for the appellant:

He who purchases the subject matter in litigation from a party, pending the suit, *pro hæc vice* becomes a party to the suit, and will be bound by a decree therein. *Parkinson* v. *Trousdale*, 3 Scam. 367; *Gilman* v. *Hamilton*, 16 Ill. 225; *Hurd* v. *Case*, 32 id. 45; *Jackson* v. *Warren*, id. 331; *Alwood* v. *Mansfield*, 59 id. 496; *McCauley* v. *Rogers*, 104 id. 578; *Martin* v. *Dryden*, 1 Gilm. 187.

A party who enters under a defendant, after suit brought, takes subject to whatever judgment may be rendered therein, and if evicted, can not complain that he was not made a party to such suit. This is just what the appellant did in this case, and this is just what he is complaining about in this case,—nothing less, nothing more. *Oetgen* v. *Ross*, 47 Ill. 142; *Krebaum* v. *Cordell*, 63 id. 23; *Davis* v. *Insurance Co.* 84 id. 508; *Gould* v. *Hendrickson*, 96 id. 599; *Yates* v *Smith*, 11 Bradw. 459.

Mr. C. Dunham, for the appellee:

Appellee was neither a party to the decree nor a purchaser *pendente lite.*

There being no specific claim made to this land, the purchaser can not be chargeable with notice *lis pendens*. *Sapp* v. *Wightman*, 103 Ill. 150; *Griffith* v. *Griffith*, 9 Paige, 316;

*Leitch* v. *Wells*, 48 N. Y. 585; *Stone* v. *Connolly*, 1 Metc. 652; Wade on Notice, sec. 351, *et seq.*

Mr. H. BIGELOW, also for the appellee:

The circuit court had no power or jurisdiction to award the writ of assistance in this case. *Harding* v. *LeMoyne*, 114 Ill. 65; Jones on Mortgages, sec. 1665.

The power of a court of chancery to give possession by the summary process of a writ of assistance, is confined, even in foreclosure cases, to actual parties to the suit, or to those who enter under such parties, pending the suit. *Brush* v. *Fowler*, 36 Ill. 53; *Gilcreest* v. *Magill*, 37 id. 300; *Boynton* v. *Jackway*, 10 Paige, 307; 1 Barbour's Ch. Pr. 532.

The grantee of a purchaser at a foreclosure sale is not entitled to a writ of assistance as a matter of right. There is no settled practice of the court of chancery allowing the writ, and it should not be allowed where there is a strong probability that injustice will be done. *Van Hook* v. *Throckmorton*, 8 Paige, 33.

If there ever was a case where a strong probability existed that injustice would be done by granting the writ of assistance, this is one.

The writ of assistance is not a writ of right, to be granted as a matter of course, but rests largely in the discretion of the court; and no injustice is done if it is denied, since the courts of law are open to give possession, in proper cases. *Bruce* v. *Roney*, 18 Ill. 67.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

It appears from the record before us, that some time before 1853, there was formed in Henry county, this State, a voluntary association for the promotion of religious, social and business objects, known as the "Bishop Hill Society." By an act of the legislature, approved January 17, 1853, the society

was incorporated under the name of the "Bishop Hill Colony," the corporate company succeeding to all the society's property rights. The company seems to have been managed very successfully for a number of years, during which time it became the owner of a vast amount of property,—particularly real estate,—but in doing so it had incurred a mortgage debt of some $50,000, together with other indebtedness. Factions and dissentions, however, finally sprung up in the society, which led to a division of the property of the company among the members, except what was supposed to be sufficient to pay off and discharge the company's indebtedness, which was left in the hands of the trustees of the company for that purpose. After this, the members of the colony held their allotments in severalty, subject to whatever conditions were imposed by the terms of the allotment.

The foregoing is but an imperfect and much condensed account of the beginning, progress and practical dissolution of the society out of whose affairs the present litigation has its origin. But even this imperfect outline has no practical bearing upon the real question to be determined.

The trustees of the colony having failed to apply the property left in their hands to the payment of the company's debts, as they should have done, and otherwise neglected the performance of their trust generally, certain members of the colony, suing on their own behalf, as well as that of other members, on July 27, 1868, filed a bill in the Henry county circuit court, against the Bishop Hill Colony, its trustees, and certain other parties, charging the trustees with various breaches of duty, and praying that they be required to account for all money and property that had come into their hands; that certain mortgages and judgments be canceled and set aside as fraudulent; that the affairs of the company be closed up and the corporation dissolved. Numerous orders and so-called decrees were, from time to time, entered in the cause, even a cursory examination of which, we think, fully justifies

the claim of appellant that it is "a case *sui generis.*" Under the compendious title of *The Bishop Hill Colony Case*, after the manner of Dicken's celebrated case of Jarndyce and Jarndyce, it has been "dragging its slow length along" for a period of over eighteen years, and, so far as we are able to perceive, those who have been chiefly benefited by it are the immediate parties to the suit, their counsel and the officers of the court,—notably the master in chancery, who has received some $9000 out of the fund, as fees in the case.

Without going into further detail upon this subject, and coming at once to the facts directly affecting the present inquiry, it appears that the appellant, Lyman M. Paine, on the 25th of September, 1882, filed a petition in the said Bishop Hill Colony case, setting forth, that by virtue of "decrees" entered in said cause April 25 and July 28, 1879, and prior thereto, William H. Gest, special master, sold to Charles C. Bonney, for $2868.50, certain lands, (describing them;) that the master, on April 14, 1881, executed a deed to Bonney for the purchased premises, and that the latter conveyed the same to petitioner, July 28, 1881; that appellee, John Root, being in possession of the premises, after demand, refuses to surrender the possession thereof to petitioner. After setting up various matters and things not necessary to repeat here, the petition concluded with a prayer for a writ of assistance. On the hearing, the circuit court made an order awarding the writ as prayed. The Appellate Court, on Root's appeal, reversed this order, and remanded the cause, with directions to the circuit court to dismiss the petition and enter a judgment against the petitioner, for costs. The latter thereupon appealed to this court.

We fully concur in the conclusion reached by the Appellate Court. While the lands in question at one time belonged to the Bishop Hill Colony, yet they are not set forth or in any manner specifically described in any of the pleadings in the Bishop Hill Colony case, nor is any relief asked in respect to

6—121 ILL.

them.   To authorize the issuance of a writ against Root, it must have been clearly proved that he was either a party to the suit in which it was issued, or that he purchased *lis pendens.*   Appellant seems to maintain that the writ was warranted on both these grounds, but the facts and circumstances relied on for that purpose, in our judgment fall far short of supporting either contention.   As respects the first, he is not named in the bill, either as complainant or defendant, nor was he served with process of any kind, in the case. He neither entered his appearance nor filed an answer or interpleader in the cause.   He in no sense asked any relief of the court or any of the parties to the proceeding, nor was any asked as against him.   The truth is, there is not the shadow of ground for the claim that he was a party to the suit; hence it would be an idle and useless consumption of time to notice in detail the trifling circumstances which counsel has pointed out as sustaining such a claim.   The conclusion sought to be drawn from them finds no sanction in law, and just as little in reason or logic.

It remains to consider the facts relied on to show that the purchase was made *lis pendens.*   The land in dispute is a part of the south-east quarter of section 22, town 14 north, range 3, east of the fourth principal meridian.   The quarter section had been divided into six lots, numbered from 1 to 6, inclusive, all of which is claimed by Root adversely to the company and all persons claiming through the company, the petitioner included.   The petitioner prefers no claim to lots 1, 5 or 6, except so far as they are affected by an alleged undivided interest of $10\frac{27}{60}$ acres, extending to the entire quarter section.   The real claim, therefore, of the petitioner, leaving out of view this fractional undivided interest, is to lots 2, 3 and 4.   As to lot 2, that belonged to the company until the 20th day of January, 1875, when it was sold to Root by the sheriff of Henry county, under a judgment and execution in favor of one Sweet, against the company, for the sum of $595,

and for which Root, on the 15th of May, 1876, received a sheriff's deed.

It is very clear the company itself could not defeat Root's title to this piece of land by invoking the doctrine of *lis pendens*, and it is not perceived that a subsequent purchaser of the property, though through the instrumentality of legal proceedings, would stand upon any better footing than the company. The doctrine of *lis pendens* clearly has no application to such a case. The bringing of a suit by a member of a corporation, against the company and its board of directors to compel the latter to discharge their duties, does not at all affect the right of a judgment creditor of the company to have execution of his judgment out of the property of the company. That was just what was done here. Even if there were superior liens on the property sold, in favor of other parties, that would be no concern of the company or its incorporators. As to lots 3 and 4, the company conveyed them, for a valuable consideration, to appellee's grantors, long before the commencement of the colony suit, and hence there is not the slightest pretence for claiming that they were bought *lis pendens.*

Viewed from a legal aspect, or, indeed, any other aspect, we have seldom, if ever, seen a case so entirely destitute of merit. That the petitioner was not entitled to a writ of assistance, under the facts in this case, will fully appear from the general principles announced in the following authorities : *Brush* v. *Fowler*, 36 Ill. 53 ; *Gilcreest* v. *Magill*, 37 id. 300 ; *Bruce* v. *Roney*, 18 id. 67 ; 1 Barbour's Ch. Pr. 532.

The judgment of the Appellate Court was clearly right, and it will therefore be affirmed.

*Judgment affirmed.*