JOHN KERR, Jr.

v.

JAMES F. BRAWLEY, Guardian.

*Opinion filed December 18, 1901.*

APPEALS AND ERRORS—*freehold is not involved on appeal from order granting writ of assistance.* An application for a writ of assistance is a summary proceeding, in which questions of title cannot be tried, and hence no freehold is involved on appeal from an order granting such writ, and the Supreme Court is without jurisdiction to entertain an appeal in the first instance.

APPEAL from the Circuit Court of Pike county; the Hon. H. VANSELLAR, Judge, presiding.

In the year 1885 John Kerr, Jr., was appointed by the county court of Pike county guardian of his son, William H. Kerr, who had received a legacy from his grandfather. In 1895, William, having arrived at the age of fourteen, petitioned the county court to appoint James F. Brawley as his guardian. On the third day of June, 1895, Brawley was appointed, and qualified as such guardian. On the 15th of September, following, Kerr having failed to account to Brawley for the money in his hands belonging to his ward, an attachment was issued against him by the county court, whereupon he filed a report showing $474 to be in his hands as such guardian, which report was approved and an order entered requiring him to pay said amount to his successor. Kerr having failed to comply with such order, at the June term, 1896, of the circuit court of said county Brawley, as guardian, recovered a judgment against him for $492 and costs. Thereafter an execution issued, a sale of real estate was had, the judgment satisfied of record and a deed made to Brawley, as guardian. Subsequently, and at the April term, 1898, of said court, on a bill in equity filed by Kerr against Brawley, as guardian, the deed was set aside for irregu-

larity in the advertisement and sale. At the June term, 1898, Brawley, on bill in equity for the cancellation of the satisfaction of the judgment and for other relief, obtained a decree against Kerr for the amount of said former judgment, together with interest and costs, which decree awarded to him an execution, and Kerr prosecuted an appeal to the Appellate Court, where said decree was affirmed. The order of affirmance having been filed, on the 16th day of March, 1899, an execution was issued. On April 5, following, the sheriff of Pike county levied on the north-west quarter of the north-west quarter of section 3, and the north-east quarter of the north-east quarter of section 4, in township 5, in said county, and advertised and sold the same to one George H. Johnson for the sum of $516.69, and thereupon returned said execution satisfied. On July 30, 1900, the period of redemption having expired and said certificate of sale having been assigned by order of the county court to James F. Brawley, as guardian of William H. Kerr, the sheriff executed to James F. Brawley, as guardian, a deed for said premises. On August 3, 1900, Brawley made a demand, in writing, upon Kerr for possession. On the fourth day of May, 1901, Brawley, as guardian, filed a petition in the circuit court of Pike county for a writ of assistance against Kerr to put him in possession of said premises. Kerr appeared and answered, and upon a hearing the court entered a decree awarding the writ, and Kerr has prosecuted an appeal to this court from such decree, and has assigned the following errors: First, the court erred in entertaining a motion in a chancery suit after the lapse of three years since a decree passed in said court; second, the court erred in granting relief on a motion of the appellee in a chancery suit disposed of at the June term, A. D. 1898; third, the court erred in granting a writ of assistance on said petition while a suit in ejectment was pending between the same parties to recover the premises in question; fourth, the court erred in not dis-

missing the petition; fifth, the court erred in not finding for the defendant.

HUGH JOHNSTON, (JOHN KERR, Jr., *pro se,*) for appellant.

WILLIAMS & COLEY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a petition for a writ of assistance. This writ is a summary proceeding. (*City of San Jose* v. *Fulton*, 45 Cal. 316.) Its object is to put a person who has purchased at judicial sale under a decree in chancery, into possession of the premises. (*Jones* v. *Hooper*, 50 Miss. 510.) It will only issue against a party to the suit or one who has come into possession *pendente lite*. (*Gilcreest* v. *Magill*, 37 Ill. 300.) The interests of other persons will not be adjudicated in this summary manner. (*Paine* v. *Root*, 121 Ill. 77.) It will never be issued where there is any reasonable prospect that the party in possession may make a successful defense of his possession, either at law or by the aid of a court of equity, (*Flowers* v. *Brown*, 21 Ill. 270,) and it will never be exercised in a case of doubt, nor under color of its exercise will a question of legal title be tried or decided. (*Schenk* v. *Conover*, 2 Beasley's Ch. 220; 78 Am. Dec. 95.) In this proceeding, like that of forcible entry and detainer, the question of title as between the plaintiff and the defendant, or any one else, cannot be tried. It is only a question of the right to possession. A freehold is therefore not involved, and this court is without jurisdiction to entertain this appeal.

The appeal will be dismissed, with leave to the appellant, if he desire, to withdraw the record.

*Appeal dismissed.*