(No. 16586.—Cause transferred.)
Lillian Grace McDonell, Appellant, *vs.* James Hartnett, Appellee.

*Opinion filed October 28, 1926.*

1. Actions and defenses—*nature of writ of assistance.* An application for a writ of assistance is a summary proceeding, the sole object of which is to put a person in possession who has purchased property at a judicial sale under a decree in chancery, and it will issue only against a party to the suit or one who has come into possession *pendente lite.*

2. Freehold—*freehold is not involved in application for writ of assistance.* A freehold is not involved in the proceeding for a writ of assistance, as the only question in issue is the right to possession, and the question of title, as between the plaintiff and the defendant, or anyone else, cannot be tried.

Appeal from the Circuit Court of Cook county; the Hon. Hugo M. Friend, Judge, presiding.

Fisher, Boyden, Kales & Bell, (William W. Case, and Thomas H. Fisher, of counsel,) for appellant.

Mr. Justice Duncan delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county overruling a demurrer to an answer to a petition for a writ of assistance and dismissing the petition.

On July 31, 1917, appellee, James Hartnett, executed a trust deed on certain real estate in the city of Chicago to the Central Trust Company of Illinois to secure his note for $4000 and interest, due July 31, 1922. In the trust deed appellee described himself as a bachelor, and the trust deed, after the conveyance of the property in trust, contained this clause: "To have and to hold the above described premises, with the appurtenances and fixtures, unto the said party of the second part, its successors and assigns, forever, in trust for the legal holder of said above described principal note, for the purposes, uses and trusts herein set

forth, and for the equal security of the said principal note hereinbefore described and the interest coupons thereto attached, and free from all rights and benefits under and by virtue of the homestead exemption laws of the State of Illinois, which said rights and benefits the said party of the first part does hereby expressly release and waive." This trust deed was acknowledged by appellee before a notary public, and the notary public certified that appellee signed, sealed and delivered said instrument as his free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead. On June 20, 1918, appellant, Lillian Grace McDonell, recovered a judgment against appellee in the circuit court of Cook county for $5293 and sued out an execution thereon, which was returned unsatisfied October 8, 1918. Default having been made in the payment of the mortgage indebtedness by appellee, on July 29, 1922, a bill to foreclose the trust deed was filed, to which appellee and appellant were made parties defendant. A decree of foreclosure was entered finding that complainant had a first lien on the premises for $5099.99 and that appellant had a second lien for $5293. A certificate of indebtedness under the 1917 act on judgments, decrees and executions was issued to the complainant in the foreclosure proceeding. Twelve months having expired after the decree and defendant not having redeemed, appellant sued out an execution on her judgment and redeemed the premises from the decree in foreclosure on December 3, 1923, after the fifteen months had expired. No other redemption was made and the property was sold to satisfy the amount due under the recorded certificate of redemption, as provided by section 28 of the Foreclosure act as amended in 1917, and the property was sold on April 24, 1924, to appellant for $13,000, and she received a deed in accordance with the provisions of the statute. The master filed his report of sale and distribution, which was confirmed without objection May 7, 1924, by an order re-

citing due notice. The order of confirmation approved the issuance of the master's deed and the payment to appellant of $12,768.15, the net proceeds of the sale, on account of the amount due her upon her certificate of redemption. Appellee did not vacate the premises, and on May 16, 1924, appellant filed her petition, in which she set forth her fruitless demands for possession and prayed for a writ of assistance to put her in possession of the premises. Appellee's demurrer to the petition was overruled and he filed an answer, setting up, in substance, that he had not waived his right of homestead in favor of appellant, who was only a judgment creditor and purchaser at the sale aforesaid, and claimed that he was entitled to a homestead in the premises and to the possession thereof. Appellant filed a demurrer to the answer, which was overruled by the court. Appellant elected to stand by her demurrer and her petition for writ of assistance was dismissed by the court. This appeal is prosecuted direct to this court from the circuit court aforesaid.

An application for a writ of assistance is a summary proceeding, the sole object of which is to put a person in possession who has purchased property at the judicial sale under a decree in chancery. It will only issue against a party to the suit or one who has come into possession *pendente lite*. In such a proceeding the question of title, as between the plaintiff and the defendant or anyone else, can not be tried. The only question in issue is the right to possession, and a freehold is therefore not involved. *Kerr v. Brawley,* 193 Ill. 205.

This court is without jurisdiction of this appeal, and the appeal is transferred to the Appellate Court for the First District.