H. L. VETTE *vs.* WILLIAM H. BROWN *et al.*—(GERALD D. O'NEIL, Plaintiff in Error, *vs.* EMMET J. CLEARY *et al.* Defendants in Error.)

*Opinion filed December 23, 1926.*

FREEHOLD—*freehold is not involved on review of order granting writ of assistance in a foreclosure proceeding.* The Supreme Court has no jurisdiction of a writ of error to review an order of the trial court in a foreclosure proceeding granting a writ of assistance to the holder of the master's deed and denying the petition for a bill of review by one of the parties in possession, as a freehold is not involved in such case where the record does not disclose the contents of the motion to file the petition or of the petition itself.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

ERIC WINTERS, and HARRY HAMILL, for plaintiff in error.

RATHJE & CONNOR, (EMMET J. CLEARY, *pro se,* of counsel,) for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

June 16, 1921, H. L. Vette, as complainant, filed a bill in the circuit court of Cook county to foreclose a trust deed given March 5, 1915, by William H. Brown and Nellie Brown, his wife, the then owners of the premises de-

scribed in the trust deed, to the Chicago Title and Trust
Company, to secure their note for $2000, payable to the
order of themselves one year after date, with interest at
six per cent per annum. The bill alleged that complain-
ant was the legal holder of the note and trust deed; that
default had been made in the payment of the note; that
by *mesne* conveyances the premises had been conveyed to
Julia A. Riley, who appeared to be the owner thereof; that
F. Wagner, Claude Draper, George W. O'Neil and the un-
known owner or owners of a note for $500 secured by trust
deed upon said premises, conveying the same to Arthur F.
Struckman as trustee, claimed some interest in the prem-
ises, and made the several parties named, parties defend-
ant to the bill. July 23, 1921, default was entered against
William H. Brown, Nellie Brown, Julia A. Riley, the Chi-
cago Title and Trust Company, trustee, F. Wagner, Claude
Draper, Arthur F. Struckman, trustee, and the unknown
owner or owners of said note for $500. June 22, 1921,
George W. O'Neil, Katherine O'Neil and Hazel O'Neil filed
an answer to the bill, and on January 2, 1923, George W.
O'Neil filed an amended cross-bill, in which he set up, among
other things, that on June 11, 1921, Julia A. Riley deeded
the premises described in the trust deed to George W.,
Katherine, Hazel and Gerald D. O'Neil, the latter a minor.
No answer to this cross-bill is shown in the record. July
13, 1922, evidence was heard and the cause was continued.
March 17, 1923, evidence was heard in support of and in
opposition to the cross-bill and it was dismissed for want
of equity. No evidence is shown in the record. March 17,
1923, a decree was entered for foreclosure and sale of the
premises described in the trust deed. Sale of the premises
was made by a master in chancery to H. L. Vette, and the
master's report of sale and distribution of the proceeds was
approved by the court. December 3, 1925, Emmet J. Cleary
filed his petition in the cause, alleging the execution and
delivery by the master in chancery, upon the expiration of

the period of redemption provided for by the decree in this case, of a deed of conveyance of the premises to him; that at the time of the filing of the bill and at the time of the filing of the petition the premises were in the possession of George W. and Gerald D. O'Neil; that after the delivery to him of the master's deed he exhibited the same, together with a certified copy of the decree of the court, to them and demanded possession of the premises, but that they refused to surrender the same to him. The petition prayed for a writ of assistance. It appears from certain recitals in the record that Gerald D. O'Neil filed a motion in the cause for leave to file a bill of review, but the contents of neither the motion nor the petition are disclosed by the record. On December 5, 1925, the petitions of Cleary and Gerald D. O'Neil were heard by the court, and it was ordered that the petition of O'Neil to file a bill of review be denied and the petition of Cleary for a writ of assistance be allowed, and that George W. and Gerald D. O'Neil vacate the premises on or before December 11, 1925. On December 12, 1925, a writ of assistance was issued to the sheriff, who returned the writ with an endorsement thereon showing that he had ejected and removed Gerald D. O'Neil from the premises and delivered possession thereof to Cleary. Gerald D. O'Neil has sued out a writ of error from this court to have the record in this cause reviewed.

It is evident that a freehold is not involved in this case and that this court has no jurisdiction in the premises. (*Kerr* v. *Brawley,* 193 Ill. 205; *Walker* v. *Warner,* 179 id. 16; *Moloney* v. *Figenbaum,* 280 id. 384.) The cause is therefore transferred to the Appellate Court for the First District.          *Cause transferred.*