John L. Huber et al., Appellants, v. The First National Bank of Witt, Illinois, Appellee.

Gen. No. 8,234.

Heard in this court at the April term, 1928. ▮▮▮▮▮ Opinion filed July 2, 1928.

DRYER & BROWN, for appellants.

J. M. BAKER and HILL & BULLINGTON, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee, the First National Bank of Witt, filed its bill of complaint in the circuit court of Montgomery county to the November term, 1922, to foreclose a mortgage given to it by appellants, to secure the payment of three promissory notes for the principal sum of $13,000, said notes and mortgage being dated February 10, 1919. Appellants answered the bill, there were exceptions to appellants' answer filed, a decree of foreclosure and an appeal to this court by appellants, where the decree entered in the circuit court of Montgomery county was reversed and the cause remanded. *First Nat. Bank of Witt v. Huber*, 235 Ill. App. 633. Upon a remand of the cause it was referred to a special master to take the proofs and report his finding of law and fact, and there was a hearing before the master and a report made to the court, upon which report there was a decree entered in said court between the said parties upon September 19, 1925, finding that the indebtedness upon said notes—principal and interest— amounted to the sum of $16,002.90 in addition to the solicitor's fee provided in the mortgage, amounting to the sum of $530, and decreeing that appellants should pay the same within 20 days, and in default of such payment that the special master should issue certif-

icates, as provided by law. The court in said decree directed ''that the real estate to be described in the certificate shall be the west half of the northeast quarter and the east half of the east half of the northwest quarter of section 29, township 9 north, range 2 west of the third principal meridian, situated in said county and state, 'excepting, however, the homestead to the amount of one thousand dollars in value, which the Court finds from the evidence is not to be considered as included in said mortgage for the reason that the said mortgage was acknowledged by appellants, John L. Huber and Mary Huber, before Henry F. Hoehn, a notary public, who at the time was cashier of complainant bank, and that, therefore, the said mortgage was invalid, in so far as it applies to the said homestead estate of defendants.' ''

It was further decreed ''that in default of the redemption of the mortgaged premises by appellees, their heirs, executors, administrators or assigns, that the same, 'excepting as to the mortgage estate of $1,000 in value,' may be sold to satisfy said debt, interest and costs, including the solicitor's fee, and that a proper deed may be issued and delivered as by law in such cases is provided and that all persons claiming through or under appellees after the commencement of this suit may be forever barred and foreclosed of all right of equity or redemption to the said mortgaged premises.

''It is further decreed that upon the sale of the property, if redemption is not made, that any surplus not required for the payment of principal, interest and costs shall be brought in to abide the further order of the Court. The said Special Master is further ordered in the event the property is not redeemed, subject to said 'estate of one thousand dollars in value,' to sell the same at public vendue for cash to the highest and best bidder.''

In the decree the court specified the terms of sale, but there was no order or provision made for setting off and determining, in land, the extent of the homestead; and neither in the bill nor in the decree is the value of the land alleged or established, or whether or not the value was in excess of $1,000. There was a provision for a deficiency decree, if the lands did not sell for enough to pay the indebtedness and costs, and for the application of any surplus, if any, upon sale. This decree has never been appealed from and has never been paid. On January 26, 1927, appellee filed his supplemental petition, setting out all the proceedings, praying that the special master be ordered and directed to summon three disinterested and competent householders of said county, who shall set off to the defendants the said homestead of $1,000 in value, including the dwelling house, if they shall find that the same can be set off and assigned without manifest injury to the parties in interest, and make report of their acts and doings to said master; and in case the said commissioners shall find that the said property is so circumstanced that said homestead estate of the value of $1,000 cannot be set off and assigned, without manifest injury to the parties in interest, they shall so report to the said master, and. further praying that said commissioners shall take the necessary oath, go upon the lands and otherwise comply with the statute in relation to setting off homesteads.

Appellants answered the petition, and later, without withdrawing said answer, demurred to said petition upon various grounds, contending that the petition was an attempt to procure an amendment in substance to the former decree in said cause, and that the decree of September 19, 1925, was *res adjudicata* between said parties and could not be changed, and that to provide that appellants' homestead should be set off, or that all of said lands should be sold and the sum of $1,000

be paid to appellants, not having been provided for in the former decree could not be ordered by a supplemental decree by petition in any event, and that it attempted to affect appellants' right, which had been determined by the former decree. In substance and effect appellants contend that the original bill to foreclose and the decree containing no averment or finding as to the value of the whole tract, appellants, by having decreed to them a homestead estate in the lands, take the entire tract as a homestead estate, and that appellee's interest in the mortgage and in the lands, by virtue of the decree, becomes void and of no effect.

The court heard proofs as to the value of the lands, found them to be of value in excess of the sum of $1,000, and upon January 9, 1928, entered an order granting the prayer of the petition and directing the master, in case the said homestead could be set off by the commissioners, to proceed to sell the balance of said lands, otherwise to report to the court. From this last order appellants have been granted and perfected an appeal to this court.

Appellee has filed a motion to affirm the decree, on the ground that if it affects the homestead estate, which is a freehold, the appeal should have been taken directly to the Supreme Court, and having been brought intentionally to this court, should be affirmed. This motion has been taken with the case. Appellee bases its motion upon *Poe v. Ulrey*, 233 Ill. 56, 61. In that case appellants assigned errors upon the record, not involving the homestead, and it was held that they could waive any assignment of error as to the freehold. In the case at bar there is no appeal from the decree of foreclosure entered September 19, 1925. The appeal is taken only from the decree allowing or directing the master to appoint appraisers and set off a homestead to appellants, or to sell said lands free of the homestead right and require appellants to take the value of

their homestead estate in cash. Appellants do assign error in this cause upon other questions than the existence of a freehold, and we conclude that we should not affirm the decree upon motion. It is not clear to this court just what the final order or finality of the order entered is, 'still, neither party has contended or intimated that the decree was not a final, appealable decree. At the risk of passing upon an academic question of practice, this court may say that the decree in question does not change or modify or purport to modify the original decree of foreclosure. Appellants contend that because at the entry of the former decree there was no presumption that the value of the lands mortgaged exceeded the sum of $1,000 (*Heckmann v. Detlaff,* 283 Ill. 505; *Mueller v. Conrad,* 178 Ill. 276), therefore, appellants took, by decree, the entire estate in the lands as their homestead, and nothing remained upon which the lien of the mortgage could attach. On the other hand, it is contended by appellee that the burden of proof is upon appellants to establish that the lands were worth $1,000 or less before appellants can lay claim to the entire estate.

The court held in *Gillespie v. Fulton Oil & Gas Co.,* 236 Ill. 188, 203: ''The Appellate Court recognized that there was no proof on the question of the value of these premises, but seems to have been of the opinion that the burden of proof was upon appellant to prove that the premises were worth more than $1000 in order to sustain his lease as to the excess. In this the learned Appellate Court is in error. The burden of proving the existence of a homestead is upon the person relying upon it. (Kales on Homestead Exemption Laws, sec. 135, and cases there cited.) The law is well settled in this State that a conveyance of a tract of land worth more than $1000, upon which a homestead exists, is valid, without a release of homestead, as to the excess over $1000 in value. (*Watson v. Doyle,* 130 Ill. 415; *White v. Bates,* 234 id. 276.) So far as the

evidence in this case shows, the fifty acres of land embraced within this lease may be worth a large amount in excess of the value of the homestead. If so, the lease cannot be held invalid as to such excess because the homestead was not properly released."

The rule is that in cases similar to the case at bar the value of the lands is not to be determined by presumptions in behalf of either party, but by the testimony of witnesses. A great deal of discussion is indulged in in the briefs as to the forms to be adopted at law and in chancery and their difference in enforcing various provisions of the statute. It has been held, however, that the statute, not having pointed out the particular manner in which a court of chancery shall proceed to set off a homestead, it is proper to adopt the mode provided by the statute when an officer holds an execution. (*Cummings v. Burleson,* 78 Ill. 281; *Asher v. Mitchell,* 92 Ill. 480; *Dillman v. Will County Nat. Bank,* 139 Ill. 269.)

There can be no question, however, in this case as to the legality of the order appointing commissioners, if appellee was entitled to have the homestead set off and sell the lands, as appellants concede in their brief: "Appellee is in error, however, when it tries to lead the court to believe that the error relied upon for a reversal of this case in this court, in any wise relates to or questions the right of the trial court to appoint commissioners to set off the homestead estate. *That omission is one which we believe the court could obviate by a supplemental order.*" The only error relied upon is that the supplemental decree changed and modified the original decree of foreclosure. That decree provided a judgment in favor of appellee and against appellants. It decreed a lien against certain lands, in pursuance of the mortgage, and provided for their sale to satisfy the decree of judgment. It protected appellants' homestead right and subjected all of said lands

to the payment of the mortgage debt. All of the rights of property in either party were fixed. The supplemental decree in no manner changed or modified the judicial rights of the parties. It did add to the former decree further specific terms as to the enforcement of the decree, and that was perfectly proper.

In *Hadlock v. Hadlock,* 22 Ill. 384, 388, the court held:

"The judgment is no doubt incomplete in not awarding to the plaintiff the possession of the land. But the court could, at a subsequent term, have remedied this oversight by completing it, or this court, having the case before it, may do the same. It will save costs to have this now done. The judgment will be affirmed, and a further judgment will be entered here, that the plaintiff below recover the possession of the premises."

In *Sterling Nat. Bank v. Martin,* 213 Ill. App. 566, the bank held a mortgage against Elizabeth Martin and others given in 1914, and at the October term, 1917, of the Whiteside circuit court secured a decree under the terms of the act passed in 1917 relating to Redemptions. At the next January term of said court an order was entered setting aside the former decree and another decree was filed providing for sale and redemption of the premises under the provisions of the prior statutes applicable to this case. After collating and commenting upon numerous cases, the court said:

"It follows that the order of the court setting aside its decree of the October term was of no effect as to the judicatory part, which remained in full force notwithstanding that order. The second decree neither added nor subtracted from the first in reciting its findings on the merits of the case. The first decree was manifestly wrong, and the second right in orders for sale and redemption. If those provisions were subject to amendment at a subsequent term, the second decree was in effect only a proper amendment of the first.

The amendatory act differs from the former act, broadly speaking, in providing for redemption before instead of after the sale of the premises. The controlling question is whether those provisions in the first decree relate only to its enforcement. It was held in *Delahay v. McConnel,* 5 Ill. (4 Scam.) 156, that a statute requiring mortgaged premises to be sold for two-thirds of their appraised value and allowing a redemption of the sale relates only to the mode of carrying the decree into effect. We conclude the provisions for sale and redemption in the decree of the October term were subject to change or amendment at a subsequent term."

The same question was before the Supreme Court in *Totten v. Totten,* 299 Ill. 43, 45, and the court held:

"The principal contention of appellant is that the term at which the original decree in this case was entered in the circuit court having expired, the court was without jurisdiction of the subject matter as well as of the parties, and had no authority to extend the time for the payment. It has long been the rule that after a decree of court has been enrolled and the term at which it was entered has expired the court cannot amend the principles of a final decree. (*Cook v. Wood,* 24 Ill. 295; *Bushnell v. Cooper,* 289 id. 260; *Chapman v. North American Life Ins. Co.,* 292 id. 179.) But the question arises here whether or not an extension of time in which to comply with the decree of the court is an amendment of the decree. While usually a court of equity has no power, after final decree, to amend, modify or alter the principles of the decree, the generally adopted rule is that it retains and possesses the power to control the time and manner of the execution of its judgments and decrees. 21 Corpus Juris, sec. 869; *Farmers Loan Co. v. Oregon Pacific Railway Co.,* 28 Ore. 44; *Cadotte v. Cadotte,* 120 Mich. 667; *Fulton Investment Co. v. Dorsey,* 220 Fed. 298; *Bond v. South Carolina Railway,* 55 id. 186."

It is elementary that a court of equity always retains jurisdiction for a reasonable length of time to enforce and carry out its judgments and decrees, and there is no basis for the assignments of error made in this cause.

The decree of the circuit court of Montgomery county is affirmed.

*Affirmed.*