F. J. Dillenburg et al., Appellees, v. Charles F. Hellgren et al., Appellants.

Gen. No. 9,217.

. Heard in this court at the May term, 1937. ▇▇▇▇ . Opinion filed September 9, 1937.

JOHN H. ARMSTRONG and A. E. BUTTERS, both of Ottawa, for appellants.

ARTHUR E. BRISTOL, of Chicago, and RICHARD O. LEITCH, of Plano, for certain appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from an amended supplemental decree of the circuit court of Kendall county, entered February 8, 1937, amending a previous decree entered December 20, 1933. On April 8, 1933, F. J. Dillenburg et al., as holders of certain notes secured by a trust deed, filed their bill in chancery against Charles F. and Ada F. Hellgren et al., to foreclose a trust deed executed by them April 16, 1921, securing a note of that

date for $5,000, due five years after date with interest at six per cent per annum. The trust deed was on a tract of land of about fourteen acres near the village of Plano in Kendall county, Illinois. The bill is in the usual form to foreclose a trust deed, and ends with a prayer that the defendants may be compelled to answer and a receiver be appointed and an accounting be taken and defendants decreed to pay whatever sum may be shown to be due on account, solicitor's fees, etc., and in default of payment of amount found to be due, that the premises be sold and that the defendants be barred and foreclosed from the rights that they have in the premises. On December 20, 1933 a default was taken against the defendants, and a decree of foreclosure and sale entered, finding the jurisdictional facts. The decree found that the bill was taken as confessed; that the equities of the cause were with the plaintiffs, and that all material allegations of the bill of complaint were true; that Charles F. Hellgren and Ada F. Hellgren were in default in their payments and were indebted to the plaintiff in the sum of $6,089 which was a lien upon said premises. This amount was ordered paid to the plaintiffs on or before December 23, 1933, and in default of such payment the real estate be sold for cash; that the master in chancery give public notice of the time and place of said sale, and on said sale being made, to execute a certificate of purchase to such purchaser, describing the land sold, the time when the purchaser will be entitled to a deed to said land, unless the same shall be redeemed, and shall file in the office of the recorder of deeds a duplicate of such certificate.

The decree further provides that if said real estate is not redeemed according to law by the defendants within 12 months next after the date of such sale, or by judgment creditors, within 15 months, next after the date of sale, at the expiration of said 15 months the master in chancery shall execute and deliver to the

purchaser a good and sufficient conveyance in fee simple for the same.

Shortly after this decree was entered, the defendants, now appellants, filed a petition in the United States. Court in Chicago under the Frazier-Lemke Act, and an order was entered in said court, restraining them from selling the land under the decree of foreclosure in the Kendall county circuit court. On June 10, 1935, an order was entered in said district court, to vacate this restraining order and allow the complainants to proceed with the sale under the foreclosure decree. On July 13, 1935, the master sold the property. On July 18, 1935, the master filed his report of sale, stating that he had sold the premises to Lauren J. Drake, assignee of the complainants in the former decree, for $6,000, and showed the cost and expenses of the sale, etc., and reported a deficiency of $728.35. It further stated that he had delivered to the purchaser a certificate of sale, and filed a true copy in the office of the recorder of deeds of Kendall county, as required by law. On July 18, 1935, the court entered a decree approving the master's report of sale, and also a deficiency decree of $728.35 against the defendants Hellgren.

No redemption was made from the master's sale, and on October 24, 1936, the master executed a deed to the premises which was recorded in the recorder's office of Kendall county, Illinois. On October 28, 1936, an application was made by Lauren J. Drake for a writ of assistance, but the same was withdrawn. On December 7, 1936, Lauren J. Drake filed a petition to amend the decree entered December 20, 1933. The petition set forth the entering of that decree and the order of sale, the assignment of the interests of the complainants in the decree to the petitioner, and all of the acts which have proceeded the sale of the property.

The petition further alleged that the decree of foreclosure and sale, on December 20, 1933, and all subse-

quent proceedings in the case, were erroneous, in that the trust deed was executed April 16, 1921, and the proceedings to sell the mortgaged premises should have been conducted in accordance with the provisions of the "Judgment and Decree Act" of 1917, and not pursuant to the laws of 1921, and therefore pray that the decree entered on December 20, 1933 be amended by supplemental decree, which is substantially the same as the decree of 1933 in so far as the facts are found, and directs that the master shall make the sale in accordance with the "Judgment and Decree Act" of July 1, 1917.

On December 7, 1936, the appellants moved to strike the petition from the files, on the grounds that the decree of December 20, 1933 was a final decree of sale in full force and effect, and that more than five terms of court had elapsed since the said decree was entered, and that the court had no jurisdiction to change or modify the said decree. The cause was heard and taken under advisement, and the court, on February 8, 1937, entered an order granting leave to amend the decree of December 20, 1933, as per draft of decree on file, and thereupon the amended supplemental decree was entered. This decree found the facts the same as set forth in the decree of December 20, 1933, and is substantially identical with that decree, except that it directs the master in chancery to make the sale in accordance with the "Judgment and Decree Act" of July 1, 1917, and that he file a certificate of the amount of the indebtedness, fees, etc., and file a copy thereof in the recorder's office of Kendall county, and if no redemption is made by the defendants within 12 months after that date of said certificate, or judgment creditors within 15 months, that the Master proceed to sell said real estate at public auction, and report the same to the court, and upon confirmation of the sale, the master execute and deliver to the purchaser a deed

of conveyance of the premises, as is provided by law. The decree then provides for the entry of a deficiency decree in the event that the real estate is not sold for a sufficient sum to settle the amount of the indebtedness found to be due. It is from this decree that this appeal is perfected.

There are three errors relied upon for reversal as set forth in the statement, brief, and arguments of the appellants, which are all to the same effect, viz., that the court was without jurisdiction to entertain the petition to amend the decree, and had no right nor authority to modify the decree as entered December 20, 1933, and to enter the decree on February 8, 1937.

It is conceded as a general proposition of law, that after a final decree of a court is entered, that the court has no authority or jurisdiction to change or modify that decree at a subsequent term of court. This is true so far as to that part of the decree which fixes the rights of the parties to the action. But, there is an exception as to the executory part thereof, which provides for the enforcement of the rights of the parties. (*Totten v. Totten*, 299 Ill. 43; *Huber v. First Nat. Bank of Witt*, 251 Ill. App. 36.) In the supplemental decree entered in this particular case, no demand has been made to modify the part of the decree which fixes the rights of the parties. The only modification is the executory part of the decree, providing for its enforcement.

In *Sterling National Bank v. Martin*, 213 Ill. App. 566, this court had occasion to pass upon the same question that is now presented in the case before us. In the *Martin* case we used this language: "No error is suggested in any finding on any subject of dispute between the parties. In each decree all matters that might be controverted, like the existence and maturity of the mortgage securing the debt, the right to foreclose the same and the right of the complainant to have

a decree for the sale of the mortgaged premises to pay the debt, interest and costs, were satisfactorily settled. Neither is there any question about the sale, the deficiency, and the appointment of a receiver, except it is insisted that the second decree was and is entirely void because it is said the decree at the October term was final, and the court had no power to enter another decree at a subsequent term. It is true the first decree was a final, appealable decree, and the court had no power to change its findings at a subsequent term, and any attempt to do so should be held entirely ineffective and be disregarded. (*Kirby v. Runals,* 140 Ill. 289; *Gray v. Ames,* 220 Ill. 251; *DeGrasse v. H. W. Gossard Co.,* 236 Ill. 73.) It is out of the power of the court to amend or correct a decree in any matter affecting the merits after the adjournment of the term (23 Cyc. 861). But the limitation of the court's control to the term at which the decree was rendered does not apply to provisions inserted for the purpose of carrying the decree into effect. Such provisions may be amended or inserted at any time. (16 Cyc. 506.)''

Many cases, both from our State and other State and Federal courts, support the above statement of the law. In the present case the court made no attempt to change the decree affecting any rights of the parties to the litigation. The only change made was for the purpose of conducting a legal sale of the mortgaged premises. It is our conclusion that the court had authority to amend its decree of December 20, 1933, and the amended supplemental decree entered February 8, 1937 was a valid and binding decree.

We find no reversible error in the case, and the decree of the circuit court of Kendall county is hereby affirmed.

*Affirmed.*