(No. 25068.—

F. J. DILLENBURG, Trustee, *et al. vs.* CHARLES F. HELLGREN *et al.*—(LAUREN J. DRAKE, Appellee, *vs.* FRANK V. HELLGREN, Appellant.)

*Opinion filed April 19, 1939—Rehearing denied June 13, 1939.*

JOHN H. ARMSTRONG, and JOHN A. BERRY, for appellant.

ARTHUR E. BRISTOL, and RICHARD O. LEITCH, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Kendall county ordering a writ of assistance to issue, placing Lauren J. Drake, assignee, in possession of certain described land located in Kendall county, purchased at a foreclosure sale.

An action was instituted in the circuit court of Kendall county in 1933 to foreclose a trust deed made to secure a promissory note of $5000 executed by Charles F. and Ada F. Hellgren. The land securing the note was a tract of 13.83 acres near the village of Plano, in Kendall county. Charles F. and Ada F. Hellgren were defaulted and a decree was entered on December 20, 1933, finding the amount due as $6728.35 and ordering a sale of the property by the master in chancery, if the amount due was not paid by December 23, 1933. Pursuant to the decree the land was sold for $6000 on July 13, 1935, to Lauren J. Drake, and thereafter, on July 18, the report of sale was filed and approved. A decree was entered on July 18, 1935, approving the master's report of sale, and a deficiency decree was entered against the defendants, Charles F. and Ada F. Hell-

gren for $728.35. There was no redemption from the master's sale and the master executed a deed to Drake. On October 28, 1936, Drake petitioned for a writ of assistance, but the petition was withdrawn. Thereafter, on December 7, 1936, Drake filed a petition to amend the decree of December 20, 1933. The petition set forth the assignment of the decree to Drake and alleged other facts (heretofore recited and not necessary to be repeated) and averred that the decree of December 20, 1933, and the subsequent proceedings were erroneous and void, (the trust deed having been executed in April, 1921, when the Judgments and Decrees act of 1921 was not in effect,) and that the proceedings to sell the mortgaged premises should have been conducted in accordance with the provisions of the Judgments and Decrees act of 1917, and not pursuant to the act of 1921, and prayed that the decree be amended accordingly. The decree was amended February 8, 1937, and is identical with the decree of December 20, 1933, except that it directs the master to make the sale in accordance with the provisions of the Judgments and Decrees act of 1917; that is, the master was directed to file a certificate of the amount of the indebtedness in the office of the recorder of deeds of Kendall county, and if no redemption was made by the defendants within twelve months from the date of the certificate, or by a judgment or decree creditor within fifteen months thereafter, that the master proceed to sell the real estate at public auction and report the same to the court; that upon confirmation of the sale the master execute and deliver to the purchaser a deed of conveyance of the premises as provided by law. The decree provided for the entry of a deficiency decree in the event the real estate was not sold for sufficient to satisfy the indebtedness found to be due. The amount was not paid and the master executed a certificate of indebtedness to Drake, the petitioner. The defendants Charles F. and Ada F. Hellgren prosecuted an appeal from the decree to the Appellate Court for the Sec-

ond District and the decree of the circuit court of Kendall county was affirmed. A petition for leave to appeal to this court was thereafter denied. On June 11, 1938, the premises were sold by the master to Drake pursuant to the decree of February 8, 1937, and the sale was reported to the circuit court by the master on July 6, 1938. The master's deed was executed and delivered to Drake and recorded in the office of the recorder of deeds on July 7, 1938.

This petition for a writ of assistance was filed in the circuit court of Kendall county on August 11, 1938. The petition set up the facts with respect to the foreclosure of the trust deed executed by Charles F. and Ada F. Hellgren, and that subsequently a deed to the petitioner was executed by the master in chancery. The petition recites that at the time of filing the bill to foreclose, Charles F. and Ada F. Hellgren were, and for some time thereafter had been, in possession of the premises as owners of record, and that Frank V. Hellgren and Bessie Hellgren, their children, resided with them thereon as members of their family. The petition then alleges that the records in the office of the recorder of deeds of Kendall county disclose that on October 26, 1936, Charles F. and Ada F. Hellgren, by their warranty deed of that date, conveyed the premises to Frank V. Hellgren, and that the four persons named above were in possession of the premises; that after the delivery of the master's deed to the petitioner the latter exhibited a certified copy thereof to Frank V. Hellgren and demanded of him possession of the premises, and at the same time delivered a copy of the decree and demanded possession from Charles F. and Ada F. Hellgren and Bessie Hellgren, and that the persons named refused to surrender possession of the premises.

Objections were filed by Frank V. Hellgren to the petition, alleging the conveyance to him of the premises in question on October 26, 1936, by Charles F. and Ada F. Hellgren, and setting up the facts relating to the decrees

of December 20, 1933, and February 8, 1937, and averred that the decree of December 20, 1933, was final, and that the court was without jurisdiction on February 8, 1937, to alter the former decree and that it was null and void as to the defendant, Frank V. Hellgren, because he was not a party thereto and it was entered without notice to him, and that it deprived him of property without due process of law. The objections do not contradict the allegation in the petition that Charles F. and Ada F. Hellgren at the time the bill to foreclose was filed were in possession of the premises and were in possession for some time thereafter as owners of record and that Frank V. and Bessie Hellgren resided with them on the property as members of their family. The objections were overruled and it was ordered that the writ of assistance issue.

The only question presented on an application for a writ of assistance is the right of possession. The writ issues only against a party to the suit or one who has come into possession *pendente lite*. (*Kerr* v. *Brawley*, 193 Ill. 205; *Paine* v. *Root*, 121 id. 77.) The petitioner contends that the defendant Hellgren was in possession of the property *pendente lite*. It is admitted that the decree of December 20, 1933, adjudicated the rights of the parties and settled all questions between the holders of the notes and the mortgagors, but the contention of the defendant is that the decree contained an error of law, apparent on its face, which could not be corrected at a subsequent term on motion. The Appellate Court, upon the appeal of Charles F. and Ada F. Hellgren, decided that question adversely to the appellants, and the denial of the petition for leave to appeal from that decision rendered the decree of February 8, 1937, final as to Charles F. and Ada F. Hellgren, and if Frank V. Hellgren was in possession *pendente lite* or had notice the decree was also binding upon him. A court's jurisdiction to render a particular judgment or decree having been once at-

tacked, a final adjudication of that issue precludes the raising of the question again. The adjudication is binding not only upon the parties to the proceeding but may be availed of by the privies in title of either party. (*Chamblin* v. *Chamblin*, 362 Ill. 588.) The only request for a modification of the original decree of December 20, 1933, was in the executory part providing for the enforcement of the rights which had been determined. In the present proceeding Frank V. Hellgren is a party and evidence was introduced upon the issue of whether he was in possession of the land, having notice of the pendency of the foreclosure proceedings. As above stated, the objections do not deny that he was in possession as a member of his father's family when Charles F. and Ada F. Hellgren were in possession of the land as owners of record when the foreclosure proceeding was instituted. The question of whether the defendant acquired his deed while the court had jurisdiction of the foreclosure proceeding, and was a purchaser *pendente lite* was one of mixed fact and law which the trial court decided. Whether that decision was correct or erroneous involves only the question of the validity of the judgment.

The right to appeal directly to this court in this case appears to be based upon the assumption that because it was objected that the decree of foreclosure and sale entered December 20, 1933, was a final decree, that the court had no jurisdiction to amend the decree at a subsequent term and that the decree and order of sale entered February 8, 1937, were without legal notice to Frank V. Hellgren and deprived him of his property without due process of law, in violation of both the Federal and State constitutions. That the court had jurisdiction to amend the decree of December 20, 1933, has been determined adversely to the defendant's contention. The question of title can not be tried on an application for a writ of assistance. (*McDonell* v. *Hartnett*, 323 Ill. 87; *Kerr* v. *Brawley, supra.*) Where

only the validity of a judgment or decree is involved no question is presented authorizing a direct appeal to this court. (*De La Cour* v. *De La Cour*, 363 Ill. 545; *Genslinger* v. *New Illinois Athletic Club*, 332 id. 316.) As no freehold or constitutional question is properly involved, the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*