F. J. Dillenburg et al. (Lauren J. Drake, Appellee), v. Charles F. Hellgren et al. (Frank V. Hellgren, Appellant).

Gen. No. 9,478.

Heard in this court at the February term, 1939. Opinion filed January 25, 1940. Rehearing denied March 19, 1940.

JOHN H. ARMSTRONG and JOHN A. BERRY, both of Ottawa, for appellant.

ARTHUR E. BRISTOL, of Chicago, and RICHARD O. LEITCH, of Plano, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

This is an appeal from a decree of the circuit court ordering a writ of assistance to issue against appellant for a tract of land in Kendall county. Charles F. Hellgren and his wife Ada, executed a trust deed on the premises involved herein on April 16, 1921, to secure the payment of their notes in the sum of $5,000. In April, 1933, suit was brought to foreclose against the mortgaged premises. The defendants in such suit were defaulted and a decree of foreclosure was rendered on December 20, 1933. The trial court rendered its decree in conformity with the Judgments and Decrees Act of 1921, which act had not taken effect at the time of the execution of the mortgage. The proceedings to sell the mortgaged premises should have been conducted in accordance with the provisions of the Judgments and Decrees Act of 1917. To this extent, the directory portion of the decree containing the provisions respecting the manner in which the decree was to be carried into effect, was improper. Pursuant to that decree, the master made sale of the premises and after the expiration of 15 months, issued a deed therefor to appellee.

In October, 1936, appellee petitioned the court for a writ of assistance, but upon discovering that the decree in directing the manner in which the sale of the premises was to be had, was improper, withdrew his application for the writ and filed a petition to amend the foreclosure decree, setting up that the acts had thereunder with reference to the sale of the premises, were erroneous, and praying that the decree be amended by a supplemental decree which should direct the master to make sale of the premises in accordance with the act of 1917. The defendants to the foreclosure suit filed their motion to strike such petition, on the ground that the foreclosure decree as originally entered, was a final decree; that more than five terms of court had

elapsed since the same was rendered; and that the court had lost jurisdiction over the same. The motion to strike was denied and the original decree amended by supplemental decree, which provided for sale of the premises to be made by the master in the manner prescribed by the act of 1917. The defendants in that suit appealed to this court from the action of the trial court in rendering the supplemental decree. (*Dillenburg v. Hellgren*, 291 Ill. App. 448.) In that appeal, appellants urged that the court was without jurisdiction to thus amend its decree. This court in that case considered that such amendment in no way went to fix the rights or liabilities of the parties; that it was merely modal in character, and that the court had the right to change or amend its decree for the purpose of carrying the same into effect, when such amendment or change was not substantial in character in that it did not tend to enlarge, modify, fix or change the rights or liabilities of the parties. Petition for leave to appeal in that case was denied by the Supreme Court. (*Dillenburg v. Hellgren,* 371 Ill. 452, 455.) Following the disposition of the petition for leave to appeal, the premises were sold by the master to appellee, pursuant to the amended decree, and a master's deed executed and delivered to appellee and by him recorded on July 7, 1938.

In the month of August, 1938, appellee petitioned the circuit court for writ of assistance. Objections to the issuance of the writ were filed by appellant, who alleged the conveyance to him of the premises in question on October 26, 1936, by his father and mother (the mortgagors in the above mortgage). The objections by appellant were overruled and the writ was ordered issued. Appellant took an appeal in this instance to the Supreme Court. (*Dillenburg v. Hellgren,* 371 Ill. 452.) The facts contained in the petition for writ of assistance and in appellant's objections filed thereto, appear on pp. 455, 456 of that opinion. The case was

transferred to this court from that court, and is now before us for decision.

Appellant in this appeal from the order of the court granting the petition for writ of assistance, raises the same question that was raised by his father and mother as mortgagors in the former appeal to this court, that is, that the foreclosure decree of December, 1933, was final and that the court, when it rendered the supplemental and amended decree, was without jurisdiction, and that such supplemental decree was null and void; and further, that this appellant was not a party thereto, and that such decree was rendered without notice to him, thereby depriving him of his property without due process of law. The Supreme Court in its opinion at p. 456, calls attention to the fact that appellant's objections do not contradict the allegation in the petition that his parents at the time the bill to foreclose was filed, were in possession of the premises and continued in possession thereof as owners of record, and that appellant and his wife resided with his parents on the property as members of their family. It is further suggested by the Supreme Court in the above opinion at pp. 456 and 457, that a court's jurisdiction to render a judgment or decree, having once been attacked, the final adjudication of such issue precludes the raising of the question again. And further, that such adjudication is binding both upon the parties to the proceeding and their privies in title.

A court cannot, under the guise of correcting its record, put upon it an order or judgment which never in fact had been made or rendered. It cannot thus repair its own lapses and omissions to do what it could legally and properly have done at the right time. *Gebbie v. Mooney,* 121 Ill. 255, 258; *Wesley Hospital v. Strong,* 233 Ill. 153, 159; *Culver v. Cougle,* 165 Ill. 417, 422; *Cameron v. Clinton,* 259 Ill. 599. However, this situation must be distinguished from those wherein the court can amend its judgment after expiration of

the term. While proceedings for the amendment of judgments after the term at which they are rendered ought never be permitted to become revisory or appellate in their nature, or the means of enlarging, modifying or materially changing the judgment or decree with respect to the substantial rights of the parties, yet there are cases in which it so clearly appears that a certain portion of the decree or judgment rendered is not that which the law ought to have pronounced upon the facts as established by the record, that when such provisions of the judgment or decree are merely modal in character and do not serve to disturb the rights of the parties, such mistakes will be assumed to be inadvertent and the judgment may be corrected in such respect as to make it correspond with what it would have been, but for such mistake, in order that substantial justice may be done. *Davenport v. Kirkland,* 156 Ill. 169, 174; *Hurd v. Goodrich,* 59 Ill. 450, 458; *Ernest Tosetti Brewing Co. v. Koehler,* 200 Ill. 369, 372; *Totten v. Totten,* 299 Ill. 43, 45; *Moore v. Shook,* 276 Ill. 47, 53.

In this case the rights between the parties were established and fixed by that portion of the decree which found the indebtedness, the mortgage, and the default thereunder. The change made by the amended decree merely went toward the sale of the mortgaged premises and was not an amendment of the previous decree in a matter of substance as between the parties.

Appellant claims that the original decree entered in December, 1933, was a final decree; that the court had no jurisdiction over same after expiration of the term at which it was rendered; that the rule of *caveat emptor* applied to the purchaser of the property at such sale; that the purchaser thereat obtained no rights thereunder and is not entitled to any relief because of such sale; that the second sale had under the amended decree was void because, the court had no jurisdiction to render the amended decree, and there-

fore the same was void and all steps taken thereunder void; and that the only lien now against the premises is the sum of $728.35, which was the deficiency existing from the first sale.

It was definitely settled in the former appeal to this court (291 Ill. App. 448) that the trial court had jurisdiction of the case at the time it rendered the amended decree. The position of this court in this respect was affirmed by the Supreme Court (371 Ill. 452, 457). Since the trial court had jurisdiction of the case at the time it amended the decree, appellant must be considered as having acquired title to the premises during the pendency of the suit.

Some delay was encountered with respect to the first sale because of a restraining order issued out of the United States District Court pursuant to a petition by the mortgagors under the Frazier-Lemke Act. This order was vacated in June, 1935, and the first sale had in July, 1935. During all this time, appellant and his sister were living with his parents, the mortgagors, upon the premises in question. It appears that he acquired his title from his father and mother during the pendency of these proceedings, and therefore was a purchaser *pendente lite.* Such a purchaser is not a necessary party in a foreclosure suit, and he takes the property subject to any decree that may result therefrom. *Kemper v. Weber,* 318 Ill. 494.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*