## The Sterling National Bank, Defendant in Error, v. Elizabeth Martin and Frederick Cooley. Elizabeth Martin, Plaintiff in Error.

### Gen. No. 6,588.

1. EQUITY, § 534*—*how decree of foreclosure and sale may be amended after term time.* A court of equity may amend its decree of foreclosure and sale of mortgaged property after term time in so far as the change affects only the method of enforcement and not the merits of the suit.

2. EQUITY, § 534*—*when decree of foreclosure and sale properly substituted for decree made under Amendatory Act of 1917.* Under the rule that a court may amend its decree after term time in so far as it relates to measures of enforcement, a decree of foreclosure and sale under the old mortgage law may be substituted for a decree erroneously made under the Amendatory Act of 1917, where there is no change in the judicatory part, but only in regard to the method of enforcement.

3. EQUITY, § 535*—*when failure to give notice of substitution of decrees not ground for reversal.* The Appellate Court will not reverse a decree substituted for an earlier decree because the record does not show notice to the appellant of the subsequent act of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Whiteside county; the Hon. FRANK
D. RAMSAY, Judge, presiding. Heard in this court at the October
term, 1918. Affirmed. Opinion filed February 8, 1919.

C. C. and J. W. JOHNSON, for plaintiff in error.

A. A. WOLFERSPERGER, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the
court.

The defendant in error, Sterling National Bank,
owned a real estate mortgage and notes secured there-
by executed July 15, 1914, by Elizabeth Martin, the
plaintiff in error, and at the October term, 1917, of the
Circuit Court of Whiteside county, obtained a decree
finding the amount due $5,657.90, and providing for
sale and redemption of the premises under the Amend-
atory Act of 1917 (Session Laws 1917, 558). It is ex-
pressly provided in that act that it shall not apply to
sales of real estate made pursuant to decrees fore-
closing mortgages or trust deeds executed prior to
July 1, 1917; therefore its provisions should have been
disregarded in this proceeding. After the final ad-
journment of said October term, and at the next Janu-
ary term, of said court, an order was entered setting
aside the former decree, and another decree was filed
providing for sale and redemption of the premises un-
der the provisions of prior statutes applicable to this
case. Both decrees in the judicatory part following
the findings of the master in chancery, to whom the
controversy had been submitted, in effect confirmed his
report and, except the different provisions for enforc-
ing the obligation of the plaintiff in error, they are
substantially alike. The sum named in each decree
was reached by adding to the amount found due by the
master accrued interest to the date of the decree. Fol-
lowing the second decree the premises were sold by the
master in chancery and the sale reported, leaving a

568    APPELLATE COURTS OF ILLINOIS.

The Sterling National Bank v. Martin et al., 213 Ill. App. 566.

deficiency due the complainant of $128.08. Under a provision in the mortgage authorizing the appointment of a receiver in case of a deficiency, the court appointed one to take possession of the property and collect the rents. Elizabeth Martin brings the record here for review. No error is suggested in any finding on any subject of dispute between the parties. In each decree all matters that might be controverted, like the existence and maturity of the mortgage securing the debt, the right to foreclose the same and the right of the complainant to have a decree for the sale of the mortgaged premises to pay the debt, interest and costs, were satisfactorily settled. Neither is there any question about the sale, the deficiency, and the appointment of a receiver, except it is insisted that the second decree was and is entirely void because it is said the decree at the October term was final, and the court had no power to enter another decree at a subsequent term. It is true the first decree was a final, appealable decree, and the court had no power to change its findings at a subsequent term, and any attempt to do so should be held entirely ineffective and be disregarded. (*Kirby v. Runals,* 140 Ill. 289; *Gray v. Ames,* 220 Ill. 251; *DeGrasse v. H. W. Gossard Co.,* 236 Ill. 73.) It is out of the power of the court to amend or correct a decree in any matter affecting the merits after the adjournment of the term (23 Cyc. 861). But the limitation of the court's control to the term at which the decree was rendered does not apply to provisions inserted for the purpose of carrying the decree into effect. Such provisions may be amended or inserted at any time. (16 Cyc. 506.)

In *Union Trust Co. of Indianapolis v. Curtis,* 182 Ind. 61, 105 N. E. 562, the court said: "While the essential judicatory part of a decree may not be changed by a court after the term when it was rendered, those parts which are directory as to the mode of its execution may be; and of such a nature is the amount of money required to be bid for the property."

Citing *Farmers' Loan Co. v. Oregon Pac. R. Co.*, 28
Ore. 44, 40 Pac. 1089; and *Royal Trust Co. v. Washburn, B. & I. River R. Co.*, 113 Fed. 531, and quoting
from the latter case: "A decree of foreclosure is, in
a sense, a final decree, adjudging the rights of the
parties as between themselves, but a decree of foreclosure is something more than that. It is not only
a decree adjudging those rights, but it is also a sort
of equitable execution, providing the manner in which
the decree shall be enforced, and for the assertion of
the rights declared; and the provisions of a foreclosure decree with respect to the manner and the terms
of the sale are part of the terms of the execution of
the decree, and not of the decree, so far as adjudging
the rights of the parties.  *  *  *  It is always within
the province of the court  *  *  *  to modify the terms
of the decree so as justly and equitably to enforce its
judgment, and render to the parties that to which they
are entitled."

It is said in the text of 5 Encyc. Pl. & Pr. 1057:
"Although the court has no power to amend, modify
or alter the principles of a final decree after the expiration of the term at which it was rendered, it nevertheless retains the inherent right to modify, by a subsequent order, the time of its enforcement or manner in
which it shall be enforced."

Authorities are collected in a note in L. R. A. 1915 A
699, showing numerous holdings that a court may,
after entering a final decree of foreclosure, modify
that part of the decree relating to the manner and
terms of sale. The right to make such alteration is
recognized in *Mariner v. Ingraham*, 230 Ill. 130.

It follows that the order of the court setting aside
its decree of the October term was of no effect as to
the judicatory part, which remained in full force notwithstanding that order. The second decree neither
added nor subtracted from the first in reciting its
findings on the merits of the case. The first decree
was manifestly wrong, and the second right in orders

for sale and redemption. If those provisions were subject to amendment at a subsequent term, the second decree was in effect only a proper amendment of the first. The amendatory act differs from the former act, broadly speaking, in providing for redemption before instead of after the sale of the premises. The controlling question is whether those provisions in the first decree relate only to its enforcement. It was held in *Delahay v. McConnel*, 5 Ill. (4 Scam.) 156, that a statute requiring mortgaged premises to be sold for two-thirds of their appraised value and allowing a redemption of the sale relates only to the mode of carrying the decree into effect. We conclude the provisions for sale and redemption in the decree of the October term were subject to change or amendment at a subsequent term.

Notwithstanding the form in which the change was accomplished, it should be treated here in accordance with its effect. The action of the January term was valid in so far as it came within the power of the court, and invalid in so far as it went beyond the court's authority to change the previous decree. The sale was, in effect, made under the first decree so properly amended by the second. This leaves no substantial error in the record.

It is said the record shows no notice to plaintiff in error of the action of the court at the January term. We do not regard that material. While notice to opposite counsel in such matters may be usual under the rules and practice of courts, we know of no law requiring it to be given or shown of record. The decree of the October term as modified at the January term is affirmed.

*Decree affirmed.*