**Madison & Kedzie State Bank, Appellant, v. Cicero-Chicago Corrugating Company et al., Cicero Trust & Savings Bank and Sol Rubin, Appellees.**

**Gen. No. 34,997.**

504

Heard in the third division of this court for the first district at the February term, 1931. Opinion filed March 16, 1932.

Isaac B. Lipson, for appellant; Randolph Thornton, of counsel.

Sidney Rubin, Frederick A. Smith and Cheney, Evans & Peterson, for appellees.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal by the Madison & Kedzie State Bank, as trustee, from a decree entered in the circuit court on December 6, 1930. The decree ordered the appellant bank to pay the sum of $1,683.56 to the Cicero Trust & Savings Bank, and also ordered the Chicago Title & Trust Company as receiver to pay the Cicero Trust & Savings Bank the sum of $1,253.28. The Madison & Kedzie State Bank, as trustee, was complainant in the court below, and the Cicero Trust & Savings Bank and Sol Rubin, among others were defendants. Both of these parties held junior mortgages on certain premises upon which the complainant's mortgage was a prior lien. Various proceedings were had, resulting in a decree of foreclosure and sale entered in the court below on July 3, 1928. Pursuant to the decree a sale was had by the master, and on August 13, 1928, the master's report of sale and distribution was filed. On the same day an order was entered by the court approving the same. That order

also established a deficiency decree in favor of the complainant and ordered the receiver to continue in possession during the period of redemption for the purpose of collecting rents. No appeal or writ of error was taken from that order. Thereafter on February 14, 1929, the defendant, Sol Rubin, filed a cross-bill, setting forth that he was entitled to a lien on the premises and asking that a deficiency decree be entered in his favor for the amount found due to him in the foreclosure decree and that the receiver be continued in office for the purpose of collecting rents to apply on his deficiency. The defendant, Cicero Trust & Savings Bank, on May 13, 1929, filed its answer and intervening petition to said cross-bill. That petition set forth that the petitioner was entitled to a deficiency decree prior to the lien of Sol Rubin and also set forth that there was a surplus in the hands of the master amounting to $1,683.56, and prayed that an accounting be had and that any money in the hands of the master be paid to the petitioner on account of its deficiency. The complainant, as a cross defendant to that cross-bill and the petition, filed an answer on May 31, 1929. On May 7, 1930, a final decree was entered, in which it was recited that the cause came on for hearing on the cross-bill of Sol Rubin and the answer of the Madison & Kedzie State Bank and the Cicero Trust & Savings Bank as trustee. The decree found that Sol Rubin was entitled to a deficiency decree and that the receiver be continued in office and that any rents collected be applied in satisfaction of said deficiency decree after first paying the moneys due the complainant and the Cicero Trust & Savings Bank. No appeal or writ of error was taken from that decree. Thereafter, on May 7, 1930, the defendant, Sol Rubin, filed a petition, in which he set forth certain objections to the master's report of sale and distribution which had been filed and approved on August 13, 1928, and in

that petition asked for a rule upon the complainant to show cause why it should not pay the sum of $1,678.15. A motion was made by the complainant to strike the petition from the files, but it was denied by the court. On December 6, 1930, the complainant filed its answer to that petition which stood as its answer to the intervening petition of the Cicero Trust & Savings Bank; and on December 6, 1930, the order was entered from which this appeal is taken.

The complainant contends that the circuit court was without jurisdiction to enter the order of December 6, 1930; that the master's report of sale and distribution in this case was approved on August 13, 1928, and that it was final and appealable; that after the close of the term of court at which this order was entered, the order could not be amended, modified or set aside, except upon appeal or writ of error, or by a bill of review, or a bill in the nature of a bill of review. This rule contended for by the complainant is subject to an exception, which is that a court of equity may amend its decree of foreclosure and sale of mortgaged property after the term time in so far as the change affects only the method of enforcement and not the merits of the suit. *Sterling Nat. Bank v. Martin*, 213 Ill. App. 566.

The question is not raised in the instant case that the court erred in its finding of fact in the order of December 6, 1930, but the question is raised as to whether it was within the jurisdiction of the court to enter this order.

The court in the case of *Sterling Nat. Bank v. Martin, supra,* passed upon the question of jurisdiction of the court in that case to set aside its decree, and held that the court at a subsequent term is without jurisdiction to modify or amend the judicatory part of the decree, but that the court could modify the decree so as justly and equitably to enforce its judgment, and to

render to the parties that to which they are entitled. In passing upon that point the court said: "It is true the first decree was a final, appealable decree, and the court had no power to change its findings at a subsequent term, and any attempt to do so should be held entirely ineffective and be disregarded. (*Kirby v. Runals*, 140 Ill. 289; *Gray v. Ames*, 220 Ill. 251; *Degrasse v. H. W. Gossard Co.*, 236 Ill. 73.) It is out of the power of the court to amend or correct a decree in any matter affecting the merits after the adjournment of the term (23 Cyc. 861). But the limitation of the court's control to the term at which the decree was rendered does not apply to provisions inserted for the purpose of carrying the decree into effect. Such provisions may be amended or inserted at any time. (16 Cyc. 506.)

"In *Union Trust Co. of Indianapolis v. Curtis,* 182 Ind. 61, 105 N. E. 562, the court said: 'While the essential judicatory part of a decree may not be changed by a court after the term when it was rendered, those parts which are directory as to the mode of its execution may be; and of such a nature is the amount of money required to be bid for the property.' Citing *Farmers' Loan Co. v. Oregon Pac. R. Co.,* 28 Ore. 44, 40 Pac. 1089; and *Royal Trust Co. v. Washburn, B. & I. River R. Co.,* 113 Fed. 531, and quoting from the latter case: 'A decree of foreclosure is, in a sense, a final decree, adjudging the rights of the parties as between themselves, but a decree of foreclosure is something more than that. It is not only a decree adjudging those rights, but it is also a sort of equitable execution, providing the manner in which the decree shall be enforced, and for the assertion of the rights declared; and the provisions of a foreclosure decree with respect to the manner and the terms of the sale are part of the terms of the execution of the decree, and not of the decree, so far as ad-

judging the rights of the parties. . . . It is always within the province of the court . . . to modify the terms of the decree so as justly and equitably to enforce its judgment, and render to the parties that to which they are entitled.' ''

And again the Supreme Court in the case of *Church v. English,* 81 Ill. 442, held that a court has the power to amend its own records at a subsequent term, to speak the truth upon notice to the parties in interest, and, as between the original parties, it seems there is no limitation as to the time in which such amendment may be allowed; but rights of parties acquired by persons not parties to the record, previous to any such amendments, are not affected thereby.

In examining the court's order, it appears that the court passed only upon the question as to the right of the parties to the surplus that was in the hands of the master, and found, in substance, that the master in chancery sold the real estate and premises foreclosed, to the Madison & Kedzie State Bank, the complainant, for the sum of $44,500; that the sale was duly reported to the court by the master, and this report was approved. The court then finds that there was a surplus in the hands of the master in chancery, which was paid over to the complainant, amounting to $1,683.56, and that there was no deficiency due the complainant. And the order further finds that the Chicago Title & Trust Company, the receiver, has in its possession as such receiver, the sum of $1,253.26.

The decretal order of the court is that the Madison & Kedzie State Bank, a corporation, pay the sum of $1,683.56 to the Cicero Trust & Savings Bank, and that the Chicago Title & Trust Company, the receiver, pay to the Cicero Trust & Savings Bank the balance in its hands, amounting to $1,253.26. This, in substance, is the order that is appealed from.

It is clear that the court's order determines, as between the parties, only the right to a surplus arising

from the sale, and is only for the purpose of carrying into effect the terms of the decree and rendering to the parties what they are entitled to under its terms. The rights of third parties have not intervened and the order was properly entered, not only as to the time within which it was filed, but also as to the distribution of the funds to the proper parties. The decretal order entered on December 6, 1930, is therefore affirmed.

*Affirmed.*

FRIEND and WILSON, JJ., concur.