## JOHN S. COOK
### v.
## ISADORE F. W. GILLMORE ET AL.

*Trusts—Compensation of Trustee—Failure to Provide for.*

A trustee appointed under an order containing no provision for payment can not recover compensation for his services.

[Opinion filed October 23, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. LYNN HELM, for appellant.

Mr. C. S. MILLER, for appellees.

MORAN, J. Appellant filed his petition to have his accounts as trustee settled, and asking that he be relieved from the trust and a successor appointed, and that compensation be allowed to him for services rendered by him in and about the execution of the trust. It appears that by a contract

Cook v. Gillmore.

entered into between appellees and one Frederick Ayer, certain funds arising out of a sale of real estate, being in the shape of promissory notes received, and amounting in all to some $31,000, were constituted trust funds for appellees, and Robert D. Wilson was appointed trustee of said funds. This agreement was confirmed and carried out by a proceeding in court relating to said real estate, and said Wilson was appointed trustee without any provision being made either in the agreement or order of court for his compensation.

On the death of said Robert D. Wilson, appellant was, at the request of all the appellees, appointed trustee and given custody of the trust fund, but the order appointing him contained no provision for compensation. He performed the duties of the trust, which required much personal attention and the expenditure of considerable time, and he now insists that he is entitled to be recompensed for the services by him rendered in the discharge of the duties of the trust. If the question could be regarded as an open one on the law, we should have little difficulty in concluding that appellant was entitled to compensation for time and attention rendered by him; but we understand it to be an established rule, that "the trustee shall have no allowance for his trouble and loss of time." This rule is laid down in all the elementary works on trusts and trustees, and is established by a consistent line of decisions of the courts of chancery in England. See Hill on Trustees, 889; Perry on Trustees, Sec. 904; 2 Lewin on Trusts, 627, and cases cited by those authors. The rule has been applied in all its strictness in this State, whenever the question has arisen. Constant v. Matteson, 22 Ill. 546; Hough v. Henry, 71 Ill. 72; Higgins v. Rider, 77 Ill. 360.

In the case last cited the Supreme Court said: "At the common law and in the absence of a contract, a trustee was entitled to no compensation for the management of the trust property. He was under no compulsion to accept the trust, and could, if he desired, impose any terms he chose as the conditions upon which he would accept; and the person proposing to create the trust had his option to comply or not as he chose. But having accepted without any agreement for

compensation, the trustee might charge for all reasonable and proper expenses incurred for caring for and preserving the trust property or fund. This being the law, and no contract having been made for compensation, by what rule or for what reason can it be claimed from the *cestui que trust?*"

Such being the rule recognized and established by our Supreme Court, we are not at liberty to depart from it and follow a different rule, no matter how well established by respectable courts in other jurisdictions.

None of the circumstances urged by counsel for appellant serve to distinguish this case, so far as regards this point, from the cases in which the doctrine has been applied in this State.

We regard the decree of the Circuit Court as in all respects correct, and the same will therefore be affirmed.

*Decree affirmed.*