PATRICK H. HEFFRON AND RICHARD M. HENNESSY

v.

LYMAN J. GAGE.

*Trust Deeds—Foreclosure of—Provision of Deed That Entire Sum May Become Due, at Option of Holder, on Default as to Part—Sufficiency of Notice to Trustee to Foreclose—Writ of Assistance—Necessary Parties— Fees of Trustee.*

1.   Sums decreed to be paid to the trustee and his solicitors by a decree of foreclosure can not draw interest.

2.   In the absence of a contract, a trustee in a trust deed is not entitled to any compensation in this State.

3.   In a foreclosure proceeding, where a writ of assistance is applied for, the only parties who can be put out are parties to the suit and those who have come in, *pendente lite*, under parties to the suit.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellants.

Messrs. PECKHAM & BROWN, for appellee.

GARY, J.   This bill was filed by the appellee to foreclose the deed of trust in the nature of a mortgage mentioned in Heffron v. Gore, 40 Ill. App. 257, the appellee being the trustee therein.   Among other things the deed contained these provisions : "If default be made in the payment of the said promissory notes, or of either or of any part thereof, or the interest thereon or any part thereof, at the time and in the manner above specified for the payment thereof, then, in such case, the whole of said principal sum and interest secured by the said promissory notes, shall thereupon (at the option of the legal holder or holders, or any or either thereof,) become immediately due and pay-

able; and (on the application of the legal holder of said promissory notes or either of them) it shall be lawful for the said grantee, in his own name or otherwise, to file a bill or bills, in any court having jurisdiction thereof, against the said party of the first part, to obtain a decree for the sale and conveyance of the whole or any part of said premises for the purposes herein specified by said party of the second part (as such trustee or as special commissioner, or otherwise, under order of court), and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part (or person who may be appointed to execute this trust), and one thousand dollars attorney's and solicitor's fees, then to pay the principal of said notes (whether due and payable by the terms or the option of the legal holder thereof) and interest due on said notes up to the time of such sale, rendering the overplus unto the said party of the first part."

Default was made in the payment of some of the notes due on the 10th day of November, 1889, and on the 29th day of that month this bill was filed to foreclose, and pay off all the notes. One question in the case is, whether any holder of any note has done enough to enable Gage so to proceed. In addition to testimony of requests by parol to Gage there was in writing, this:

"Chicago, Ills., Nov. 15, '89.

To Mr. Lyman J. Gage, Trustee:

We for ourselves, and on behalf of the creditors interested in the trust deed on the property known as Gore's Fire Proof Hotel and the Open Board of Trade Building, request that (if sufficient default has been made, as we believe,) the deed should be foreclosed. We make this request because of default in the payment of the principal, and (as we believe) for the benefit of everybody concerned in the trust deed.

W. Fleming.
H. J. Milligan.
James H. Rice."

We hold that to be sufficient, but it will deserve further

consideration by the counsel of the appellee, whether, as the whole debt has now become due, it will not be more prudent to begin anew.   It may well be that where the complainant is the mortgagee, himself entitled to the money, proceeding to foreclose sufficiently shows his election to consider the whole due for a partial default; but here the election did not rest with the complainant, and there must be proof that those with whom it did rest, made it.   It is in the nature of a forfeiture.

As to a small portion of the notes the appellants allege payment, but as we read, the evidence fails to prove it.   The decree directs the payment to the appellee of $1,000 as solicitor's fees and $500 for his own services, with interest from the date of the decree.   Under any circumstances those sums should not draw interest, but be paid, if proper, out of the proceeds without interest; but clearly, under the law established in this State the $500 is wrong.   The language of the deed does not give a title to fees and commissions, but provides a mode or means of payment if there be any fees or commissions.   In this State, in the absence of a contract, a trustee is not entitled to pay.   Cook v. Gillmore, 33 Ill. App. 532.

The answer sets up, and it was proved, that several persons not parties to the suit were, when this bill was filed, occupying portions of the premises as tenants under the title of Gore & Heffron and subordinate to the trust deed.   True, they were a receiver in the suit of Gore v. Heffron and tenants under him; but when a writ of assistance is applied for, the only inquiry is whether the party against whom it is asked, if not a party to the suit, came in *pendente lite* under one of the parties.   The whole practice as to writs of assistance in this State seems to be guided by the judgment of the father of American equity jurisprudence, Chancellor Kent, in Kershaw v. Thompson, 4 John. Chy. 609.   The cases in this State down to Oglesby v. Pearce, 68 Ill. 220, are there collected.   See also Harding v. Le Moyne, 114 Ill. 65. The receiver and these tenants, therefore, not coming in *pendente lite*, nor being parties, could not be turned out on

such writ. Fuller v. Van Geesen, 4 Hill (N. Y.), 171. For that reason a purchaser at a sale under this decree could not be compelled to complete his purchase (Hirsch v. Livingston, 3 Hun, 9) unless, perhaps, he bid with notice of all the facts; and in such case it is a reasonable, if not probable, presumption, that the price would be affected, and the interests of the mortgagors prejudiced by this lack of parties. The bill should, therefore, when the answer came in, have been amended, making new parties; and that not being done should, at the hearing, have been dismissed with costs, but without prejudice. Van Epps v. Van Deusen, 4 Paige, 64; Lord v. Underdunck, 1 Sand. Chy. 46.

But as to this want of parties, my colleagues do not agree with me. They hold that while those omitted might properly have been made, they are not necessary parties, and therefore their absence does not make the decree erroneous.

The decree will be reversed and the cause remanded with directions that the complainant be at liberty to take a new decree on the basis of the present one, omitting the $500 and interest on the $1,000, or he may amend by adding parties and proceed thereafter in accordance with the general practice in chancery, or dismiss the bill without prejudice as he may elect.

*Reversed and remanded with directions.*