(No. 34263.—■■■■■■■)

CHICAGO LAND CLEARANCE COMMISSION, Appellee, *vs.*
QUINN HOME BUILDERS *et al.*, Appellants.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

Daniel A. Gallagher, of Chicago, for appellants.

Elsa C. Beck, William F. Morrissey, and William H. Dillon, all of Chicago, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County in an eminent domain proceeding under the Blighted Areas Redevelopment Act of 1947 as amended in 1949. (Ill. Rev. Stat. 1953, chap. 67½, pars. 63-91.) The "blighted vacant area" in which the defendants' property is located lies between West Seventy-seventh Street, South Western Avenue, West Seventy-ninth Street and South Rockwell Street, in the city of Chicago. It is the area that was before this court in *People ex rel. Gutknecht* v. *City of Chicago*, 414 Ill. 600.

Defendants do not attack the adequacy of the verdict returned by the jury. Rather they contend that the court erred in overruling their traverse to the petition to condemn

and in denying their post-trial motion to vacate the judgment and dismiss the petition. The grounds urged are (1) that the Commission's determination that the area was a blighted vacant area was contrary to the express provisions of the act, (2) that the determination, which was made on July 26, 1950, could not reasonably support a petition to condemn filed in June, 1955, (3) that the act is unconstitutional in that it fails to define the term "blighted vacant area" with sufficient precision.

Defendants' third ground has been disposed of by our decision in *People ex rel. Gutknecht* v. *City of Chicago,* 414 Ill. 600, in which the constitutionality of the act was sustained against an identical attack.

The right of a land clearance commission to proceed under the statute with respect to a blighted vacant area depends on a determination that the particular area impairs or arrests the sound growth of the community, "because of obsolete platting, diversity of ownership, deterioration of structures or of site improvements, or taxes or special assessment delinquencies exceeding the fair value of the land, * * *." (Ill. Rev. Stat. 1953, chap. 67½, par. 65.) Such a determination was made in this case by the Chicago Land Clearance Commission, and it was approved by the city council and the State Housing Board. Documents so showing were received in evidence, and they established, *prima facie,* the authority of the Commission to acquire the land by eminent domain. *Decatur Park District* v. *Becker,* 368 Ill. 442; *Forest Preserve District* v. *Kean,* 298 Ill. 37.

Defendants argue that the Commission's determination that the area in question is a blighted vacant area is fatally defective because it is based upon a finding that tax delinquencies exceed the "assessed value" of the land, instead of its "fair value" as the statute requires. But neither the Commission's determination of July 26, 1950, the ordi-

nance of the city of Chicago approving it, dated July 11, 1951, nor the resolution of the State Housing Board approving it, dated the same day, contains any reference to the assessed value of the land. Each of them refers to "taxes or special assessment delinquencies exceeding the fair value of the land."

The reference to assessed value upon which defendants rely is contained in a pamphlet report made to the Commission by its planning division. Defendants ask us to read this report, which was introduced into evidence by the Commission over defendants' objection, together with the Commission's findings, and to conclude that the findings should be understood as speaking of the assessed value of the land instead of the fair value. In our opinion the inference that defendant seeks to draw from the pamphlet report is insufficient to vitiate the accuracy of the Commission's statement of its findings. Defendants offered no evidence as to the value of the area, or as to the total amount of delinquent taxes, special assessments, penalties and interest. Neither of those figures appears in the record. The pamphlet report, which states that "in the area as a whole, delinquencies exceed assessed value by almost $6300," does not purport to deal with interest and penalties, although on more than one third of the lots no taxes had been paid for more than 20 years.

But even if the Commission's findings concerning tax delinquencies had contained an express reference to the assessed value of the land, its determination that the area is a blighted vacant area within the meaning of the act would not for that reason be defective. It is clear from a reading of the act as a whole that a finding that taxes or special assessment delinquencies exceed the fair value of the land is not essential to such a determination. The question for the Commission to determine is whether the area is one that impairs or arrests the sound development of the community by reason of certain enumerated conditions,

stated disjunctively. Tax delinquency is only one of these conditions.

In our opinion defendants have not sustained their argument that the Commission's determination of July 26, 1950, could not reasonably support a petition for condemnation filed in June, 1955. Section 14 of the statute as it stood between those dates conditioned the Commission's authority to exercise the right of eminent domain upon presentation of a plan for redevelopment of the property by an eligible purchaser, and approval of that plan by the Commission, the governing body of the municipality and the State Housing Board. Ill. Rev. Stat. 1953, chap. 67½, par. 76.

An acceptable redevelopment plan was presented to the Commission on June 11, 1951, and was approved on that date. The State Housing Board and the Chicago city council approved the plan on July 11, 1951. On September 19, 1951, a *quo warranto* action was filed, challenging the Commission's power to proceed under the Redevelopment Act as amended in 1949. It was claimed that the act was unconstitutional in several respects. A final determination was not reached until March 23, 1953, when this court sustained the Redevelopment Act as amended against the claims of unconstitutionality. (*People ex rel. Gutknecht* v. *City of Chicago,* 414 Ill. 600.) The original redevelopment plan was withdrawn, and a new plan was submitted to the Commission and approved September 8, 1954. The approval of the Chicago city council was secured on November 4, 1954, and that of the State Housing Board on November 17, 1954. Section 14 of the act provides that upon these approvals the Commission may proceed to acquire the property "by gift, purchase or condemnation." (Ill. Rev. Stat. 1955, chap. 67½, par. 76.) The Commission then negotiated with the owners for the purchase of the property, and finally, in June of 1955, filed its petition to condemn those parcels it was unable to purchase. While the period that elapsed was long, we do not think that it

was unreasonable under the circumstances, or that the delay can fairly be ascribed to any lack of diligence on the Commission's part.

But defendants insist that the underlying factors that led to the determination of July 26, 1950, have changed sufficiently during the intervening period to make that determination obsolete for purposes of the present proceeding. They suggest that because of an increase in available housing, the proposed redevelopment is no longer necessary, but they did not offer any evidence to that effect. Their main contention turns on the fact that through a multitude of tax foreclosure suits the tax delinquencies that existed on July 26, 1950, have largely been eliminated. We think this change in the tax delinquent status of the area is irrelevant. The chronology of events strongly suggests that the sudden interest in clearing up back taxes was generated by the Commission's determination, and in any case what is relevant is the situation as it existed when the Commission made its determination.

The final section of defendant's brief is designated "Comment on the Redevelopment Plans." In it defendants criticize certain aspects of the plans. The Commission challenges defendants' standing to advance these objections and the authority of the court to consider them, citing *State* v. *Land Clearance for Redevelopment Authority,* 364 Mo. 974, 270 S.W.2d 44, 56; *Balsamo* v. *Providence Redevelopment Agency,* (R.I.) 124 A.2d 238, 241. Because the plans have not been abstracted we do not discuss these issues.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*