(No. 38090.—

THE CITY OF CHICAGO, Appellant, *vs.* GEORGE S. BARNES *et al.,* Appellees.

*Opinion filed January 22, 1964.*

JOHN C. MELANIPHY, Corporation Counsel, and THOMAS A. FORAN, Special Assistant Corporation Counsel, both of Chicago, (SYDNEY R. DREBIN, of counsel,) for appellant.

BRADEN, HALL, BARNES & MOSS, of Chicago, for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The Chicago Land Clearance Commission brought this eminent domain action in the superior court of Cook County to acquire a parcel of real estate located in the 37th-Cottage Grove area on the South side of Chicago. The area had been designated a slum and blighted one, within the meaning of the Blighted Areas Redevelopment Act of 1947. (Ill. Rev. Stat. 1961, chap. 67½ par. 63 *et seq.*) Shortly after the complaint was filed the commission was dissolved and its functions were transferred to the Urban Renewal Department of Chicago. The city has now been substituted as the party plaintiff herein.

The owners moved to dismiss on the ground that there are no redevelopment plans and that the particular real estate sought to be acquired in this action is not a slum and blighted property. The court sustained the motion, observing that the city had failed to show what use was to be made of the area after the structures were torn down. The city has appealed directly to this court under section 12 of the Eminent Domain Act. Ill. Rev. Stat. 1961, chap. 47, par. 12.

The property in question is located at 616 East 35th Street and consists of an old two-story brick house containing 10 rooms. It is not a slum and blighted building within the meaning of the statute, but is situated within an area designated as such and containing some 300 other parcels of real estate. To reverse the order of the superior court the city contends, first, that the nature of a proposed redevelopment plan, if any, is irrelevant and that a public purpose for the acquisition is accomplished by the slum clearance itself. The position is well taken. This court has recognized several times that a clearance of the slum area is the public purpose for which the land is condemned. Our most recent expression of the rule may be found in *City of Chicago* v. *Zwick* Co. 27 Ill.2d 128, where we said "Land clearance satisfies public use, so that the type of redevelopment of a slum area has no relevance in a condemnation proceeding." (See also *Chicago Land Clearance Com.* v.

*White,* 411 Ill. 310.) It is true, as the owners insist in the case at bar, that acquisition of land by eminent domain proceedings must be for a public purpose, and that land may not be condemned for private use. But it does not follow that because the land may later be sold to a private developer its taking and clearance cannot have been for a public purpose. A contention similar to that in the case at bar was made in the *White* case, where a contract had been made for sale of the land, after clearance, to a life insurance company. In rejecting the contention we pointed out that "The controlling motive, however, for the present condemnation is to clear from the area in question the moral and physical blight which slum and congestion has created. The subsequent development of the property by the New York Life Insurance Company does not mean that the taking is for a private purpose." A similar conclusion must follow in the case at bar. The distinction which the owners seek to make —that in the *White* case and others relied upon by the city, the condemning body had "revealed" the ultimate use whereas here there is no such disclosure—is a distinction without a difference.

The owners contend that the court was nevertheless correct in dismissing the action because it was admitted that their particular property is not slum and blighted. There is no merit in the contention. In this kind of case the fact that there may be some sound buildings in the slum and blighted area is no defense to the proceedings. Property may be taken which, standing by itself, is unoffending, for the test is based on the condition of the area as a whole. (*Berman* v. *Parker,* 348 U.S. 26, 99 L. ed. 27.) The resolution of the Chicago Land Clearance Commission and the approval thereof by the city council and the State Housing Board were sufficient to establish, *prima facie,* that the area in question is slum and blighted (*Chicago Land Clearance Com.* v. *Quinn Home Builders,* 11 Ill.2d 111,) and the defendant owners have failed to produce evidence to show the

contrary. Under such circumstances the fact relied upon is insufficient to defeat the power to take by eminent domain. ·, We have carefully considered the arguments advanced to sustain the order of the superior court and find none of them valid. For the reasons stated the court erred in dismissing the cause. The order is reversed and the cause is remanded with directions to proceed in accordance with the views expressed herein.

*Reversed and remanded.*