(No. 41867.—)

THE CITY OF CHICAGO, Appellee, v. ROBERT L. WALKER et al.—(Frederika Blankner, Appellant.)

*Opinion filed November 24, 1971.—Rehearing denied Jan. 14, 1972.*

THOMAS GRIPPANDO, of Chicago, for appellant.

RICHARD L. CURRY, Corporation Counsel, of Chicago, (WILLIAM R. QUINLAN, and DANIEL PASCALE, Assistants Corporation Counsel, of counsel,) for appellee.

DAVID S. KREISMAN, STUART DIAMOND and ROBERT STEVENS, all of Chicago, for *amici curiae.*

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Frederika Blankner, appeals from the judgment of the circuit court of Cook County entered upon a jury verdict in an action in eminent domain in which petitioner, City of Chicago, condemned a parcel of real estate owned by defendant.

The City of Chicago, under authority of the Urban Renewal Consolidation Act of 1961 (Ill.Rev.Stat. 1969, ch. 67½, pars. 91.101 *et seq.*) created the Department of Urban Renewal which on October 8, 1964, determined that a certain area adjacent to the campus of the University of Chicago was a slum and blighted area and should be acquired for redevelopment. The city council, by ordinance adopted on November 16, 1964, approved the Department's determination. The petition in this case was filed on April 1, 1968.

Defendant, the owner of a parcel of land situated in the area involved filed a "traverse and motion to dismiss" which in substance attacked the finding of the Department of Urban Renewal that the area was blighted, and charged that the property was being taken for a private and not a public purpose. In support of this latter contention defendant alleged that there was an agreement between the Department of Urban Renewal and the University of Chicago that upon acquisition of the property by the city it would be conveyed to the university, thus enabling the university to acquire, through exercise of the city's power of eminent domain, property which the university had no authority to condemn.

The circuit court denied the traverse and the case was set for trial resulting in the verdict and the entry of the judgment from which this appeal is taken.

As grounds for reversal defendant contends that the trial court erred in denying her traverse. She argues that she was denied an opportunity to introduce evidence to prove that the area generally, and her property specifically, were not blighted. She contends further that the circuit court's ruling that proof of the resolution and ordinance declaring the area blighted and authorizing its acquisition made a *prima facie* case erroneously shifted to her the burden of proof that the area was not slum and blighted, thus denying her due process and equal protec-

tion rights guaranteed under the fourteenth amendment to the constitution of the United States.

The record shows that at the hearing on the traverse and motion to dismiss, after the city rested its case, defendant argued that the city had not made out a *prima facie* case and elected to offer no evidence. The introduction into evidence of the resolution of the Department of Urban Renewal and the ordinance approving it made out a *prima facie* case *(City of Chicago v. Barnes, 30 Ill.2d 255; Chicago Land Clearance Com. v. Quinn Home Builders, 11 Ill.2d 111),* and the trial court did not err in denying the traverse and motion.

Defendant contends further that the court erred in denying her motion to dismiss for the reason that the petition contains conclusions of law and does not plead the ultimate facts requisite to state a cause of action in eminent domain. An examination of the petition shows it to be sufficient and the motion to dismiss was properly denied.

We have considered the arguments of defendant and of *amici curiae* that acquisition of the defendant's property through condemnation for resale to the university denies to this defendant the equal protection of the law. We have previously held that the taking of land for the redevelopment of slum and blighted areas is a taking for a public purpose, and the fact that a portion will be resold for development for private purposes does not render the condemnation invalid. *(Chicago Land Clearance Com. v. White, 411 Ill. 310.)* We do not discuss the remaining contentions of *amici curiae* for the reason that insofar as they are relevant to issues presented by the record they have been determined by our holding in *City of Chicago v. Zwick Co., 27 Ill.2d 128.*

Finally, defendant contends that the circuit court erred in denying her request that the trial to determine just compensation be continued for an indefinite period or in

the alternative for 90 days. The record shows that the court continued the case for 14 days and that this was adequate for the protection of defendant's rights.

For the reasons stated herein the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*