THE CITY OF CHICAGO *v.* FREDERIKA BLANKNER, Respondent-Appellant—
(ALAN S. GANZ, Petitioner-Appellee.)

(No. 58474; ▮▮▮▮▮▮▮)

First District (2nd Division)—June 28, 1974.

Frederika Blankner, *pro se.*

Alan S. Ganz, *pro se.*

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

On 8 October 1964, the Department of Urban Renewal of the City of Chicago determined that a certain area adjacent to the campus of the University of Chicago was a slum and a blighted area, and should be reacquired for redevelopment. On 16 November 1964, the City Council approved the Department's determination. Thereafter, on 1 April 1968, the City of Chicago instituted condemnation proceedings against the real estate located in the area, on the allegation that the area was blighted and a slum area. Frederika Blankner, an owner of a parcel located within the area, retained Alan S. Ganz as her counsel and contested the proceedings by filing a traverse and motion to dismiss; the traverse denied that the area was blighted and a slum area. At the hearing on the traverse and motion to dismiss, the City supported its allegation by the determination of its Department of Urban Renewal and by the City Council's approval of that determination. Ms. Blankner then refused to support her traverse, on the ground that the City had failed to make a prima facie showing in support of its allegation so as to shift the burden of procedure to her. The trial court held that the City had made a prima facie showing and, when Ms. Blankner stood on her refusal, the court denied the traverse and motion to dismiss, and set the case for jury trial as to the amount of compensation. Following the jury trial, judgment was entered for the City of Chicago and an award based on the jury verdict was entered for Ms. Blankner.

Ms. Blankner, however, refused to accept the award and appealed the case to the Illinois Supreme Court, which affirmed the judgment of the Circuit Court of Cook County. (*City of Chicago v. Walker* (1971), 50 Ill.2d 69, 277 N.E.2d 129.) The United States Supreme Court then denied Ms. Blankner's petition for certiorari. *Blankner v. City of Chicago* (1972), 408 U.S. 931.

Meanwhile, Ms. Blankner had instituted suit in the Federal District Court for the Northern District of Illinois seeking to have the condemnation award set aside on the ground of an alleged conspiracy to defraud the Circuit Court of Cook County in that it had been misrepresented to that court that the buildings were slums when in fact they were not. This suit was dismissed by the District Court on the basis that the issues raised in the complaint were res judicata, having already been decided

by the Illinois Supreme Court. An appeal from that dismissal is now pending in the United States Court of Appeals for the Seventh District. Hence, to date Ms. Blankner has never accepted the condemnation award.

The instant action is an action by Alan S. Ganz (hereafter appellee) to secure payment out of the condemnation award of the balance of his fees for representing Ms. Blankner (hereafter appellant) in the condemnation proceedings. The terms of his employment contract were that, in exchange for his services, appellee would receive a fee, of which $600 would be paid immediately and the balance would be secured by a lien on the condemnation award should such award be made.

As indicated, on 17 August 1972, appellee filed the instant petition seeking to foreclose his contractual lien on the condemnation award which had been made to appellant; he alleged that the sum of $2,013 remains as the unpaid balance of his fee. Appellant filed an answer essentially admitting that appellee had a valid lien in the amount of $2,013 upon the award, but alleging that the award did not as yet belong to her because she had never accepted it, and alleging that any money paid out of the award would have to be returned to the City of Chicago if she were successful in her litigation in the Federal courts. She further alleged that a payment of the fee out of the award would have the prejudicial effect of terminating her pending litigation, because she would then be deemed to have accepted the award tendered by the City.

After a hearing, the trial judge on 6 September 1972 ordered the City of Chicago to pay the balance of the fee out of the award. Appellant filed a post-trial motion seeking to have the payment stayed until the termination of her Federal litigation. This motion was denied. Appellant appeals from the order of 6 September 1972 and from the order denying her post-trial motion.

OPINION

The sole issue advanced by appellant on this appeal is whether appellant will be prejudiced by the payment of the balance of appellee's fee by the City to appellee out of appellant's condemnation award, because appellant will thereby be deemed to have accepted the award and, as a consequence, her Federal action would become subject to dismissal.

We express no opinion as to the validity of the allegedly prejudicial consequences, but address ourselves solely to the contention that the compulsory payment of the balance of appellee's fee out of the condemnation award, pursuant to the order of 6 September 1972 enforcing appellee's contractual lien, would put appellant in the position of having accepted the award. Appellant's only authority for this contention is *County of Cook v. Malysa* (1968), 39 Ill.2d 376, 235 N.E.2d 598.

*Malysa* was an appeal by the County of Cook for a trial court judgment, based on a jury verdict, as to the amount of an award in a condemnation proceeding. Prior to the filing of the notice of appeal, however, Cook County had paid the award to the owner of the property and had entered into possession of the property. Our supreme court affirmed the dismissal of the appeal by the appellate court. The supreme court said:

"* * * a party who either voluntarily satisfies a judgment under no legal compulsion or voluntarily accepts the fruits thereof has waived any error in the proceeding." (39 Ill.2d at 380-381.)

The key word, of course, is "voluntarily". The payment of appellee's fee by the City of Chicago out of appellant's condemnation award pursuant to order of court would not be a voluntary payment by or on behalf of appellant.

Any restitutional problems which may be created, should appellant prevail in her Federal action, are not involved in this appeal.

For the foregoing reason, the judgment below is affirmed.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.