THE CITY OF DE KALB, Plaintiff-Appellee, *v.* THEODORE L. ANDERSON *et al.,* Defendants-Appellants.

Second District (1st Division)    No. 75-516

Opinion filed November 30, 1976.—Rehearing denied December 28, 1976.

Theodore L. Anderson, of De Kalb, for appellants, *pro se.*

William C. Murphy and Richard L. Horwitz, both of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:
On October 12, 1971, the City of De Kalb filed its complaint for the condemnation of the North 30 feet of Lot 51 in County Clerk's Assessment Subdivision of Block 12 of the original town of De Kalb. The property is owned by Theodore L. Anderson and Dora C. Anderson, his sister. It is improved by a two-story brick building erected in either 1909 or 1910. On November 5, 1971, the defendants filed an appearance and jury demand. On April 14, 1972, the defendants filed a traverse and a motion to dismiss. On April 28, 1972, amendments to the traverse and a motion to dismiss were filed and on May 19, 1972, defendants filed a motion for judgment on the pleadings as amended, or for summary judgment. The motions were denied on June 1, 1972. On June 1, 1972, a hearing was held on the traverse and the motion to dismiss and the motion for summary judgment. These three motions were dismissed on that day

and the matter was set for jury trial. The trial was held on July 10, 1972, and a jury returned a verdict finding just compensation to be $45,000. The funds were deposited with the De Kalb county treasurer. On August 9, 1972, plaintiff filed a post-trial motion which was never called upon for hearing. Defendants subsequently filed a motion for "post-trial relief from verdict of judgment" and this was set for September 21, 1972, at which date they amended their post-trial motion. On that date the post-trial motion was denied and on October 18, 1972, defendants filed a "motion to vacate order entered September 21, 1972." On November 22, 1972, the defendants again filed a petition for leave to appeal from the July 10, 1972, judgment and order denying the amended post-trial motion. On December 12, 1972, this was denied and on January 16, 1973, the court denied defendants' petition for rehearing. Subsequent to that date the defendants have been in court approximately 17 times for various amendments and motions. Finally, three years later, on August 21, 1975, the defendants filed a notice of appeal.

The condemnation of defendants' property is a part of the acquisition by the City of De Kalb of approximately 12 blocks in area, being 2 blocks wide and 6 blocks long. This acquisition was authorized by various ordinances of the City of De Kalb under the provisions of section 11—11—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—11—1).

The pro se brief of the defendant is extremely difficult to follow. Arguments are presented, theoretically, on eight issues in their brief. However, they argue only one, that the defendants' property is not "slum or blighted." The defendants conclude that the City of De Kalb lacks the right and power to condemn defendants' real property. At no time do the defendants argue that the amount awarded under the condemnation proceeding is insufficient. The issue of just compensation, therefore, is specifically waived.

Indirectly, it would appear that defendants' argument may be that the City of De Kalb abused its power in condemning defendants' property. Section 11—11—1 of the Illinois Municipal Code gives the City of De Kalb the power "to acquire by purchase, condemnation or otherwise any improved or unimproved real property the acquisition of which is necessary or appropriate for the rehabilitation or redevelopment of any blighted or slum area or any conservation area as defined in Section 3 of the Urban Community Conservation Act * * *." The predecessor of this specific section has been upheld by the Illinois Supreme Court in *People ex rel. Tuohy v. City of Chicago* (1946), 394 Ill. 477, 68 N.E.2d 761 which was nearly identical language to the present act, The existing section 11—11—1 refers to the Urban Community Conservation Act (Ill. Rev. Stat. 1975, ch. 67½, par. 91.8 *et seq.*). That act, too, has been specifically

held constitutional. (*People ex rel. Gutknecht v. City of Chicago* (1954), 3 Ill. 2d 539, 121 N.E.2d 791.) The power of domain and the power of eminent domain is inherent in every government and may be delegated by the legislature to a public body such as the City of De Kalb. Absent abuse of discretion on the part of the planning body, the power to condemn is inherent in a governmental body, such as a municipality.

■■ At the jury trial the City of De Kalb introduced its resolution approving the urban renewal plan and the ordinances passed by the city to condemn specific parcels of property, including defendants' property, under the urban renewal project as necessary, required and needed for such rehabilitation and redevelopment purposes. As the City points out, it is well established that the introduction into evidence of the resolution and the ordinance approving the resolution for condemnation makes a prima facie case. (*City of Chicago v. Walker* (1971), 50 Ill. 2d 69, 277 N.E.2d 129, and *Chicago Land Clearance Com. v. Quinn Home Builders* (1957), 11 Ill. 2d 111, 142 N.E.2d 60, *cert. denied*, 355 U.S. 856, 2 L. Ed. 2d 64, 78 S. Ct. 85.) In both of these cases the Illinois Supreme Court has held the documents established *prima facie* case of the authority of the City to acquire the land by eminent domain. As the City points out, it was the duty of defendants to proceed with evidence that there was an abuse of discretion by the City of De Kalb or the City lacked the authority to condemn. The defendants put on no evidence, they merely filed an affidavit stating the defendants' opinions and belief. Nowhere in that affidavit is there any allegation that the City of De Kalb is without authority to condemn. The affidavit, in particular, deals with the structure on defendants' property and their contention that the building is structurally sound and that the area upon which it is located is not a slum or blighted. It did not present any evidence that the City had abused its discretion. The question thus presented is whether the fact that the defendants contend that their property is not in a slum or blighted area is a defense to a condemnation proceedings in an urban renewal project of the nature we find herein. This issue has been determined by the Illinois Supreme Court in *City of Chicago v. Barnes* (1964), 30 Ill. 2d 255, 195 N.E.2d 629, where the Supreme Court stated:

> "There is no merit in the contention. In this kind of case the fact that there may be some sound buildings in the slum and blighted area is no defense to the proceedings. Property may be taken which, standing by itself, is unoffending, for the test is based on the condition of the area as a whole." 30 Ill. 2d 255, 257, 195 N.E.2d 629, 631.

In *Berman v. Parker* (1954), 348 U.S. 26, 99 L. Ed. 27, 75 S. Ct. 98, the District of Columbia Redevelopment Act from 1945 was attacked on the same ground as raised by the defendants herein. The petitioners there

argued that their specific property was not slum or blighted and therefore could not be taken. The Supreme Court stated:

> "Property may of course be taken for this redevelopment which, standing by itself, is innocuous and unoffending * * * it is the need of the area as a whole which Congress and its agencies are evaluating. If owner after owner were permitted to resist these redevelopment programs on the ground that his particular property was not being used against the public interest, integrated plans for redevelopment would suffer greatly. * * * [C]ommunity redevelopment programs need not, by force of the Constitution, be on a piecemeal basis—lot by lot, building by building." (348 U.S. 26, 35, 99 L. Ed. 27, 39, 75 S. Ct. 98.)

As stated at the outset of this opinion, it is extremely difficult to follow the arguments of the defendants. We have examined the record nonetheless and find no error. The order of the trial court entering judgment on the verdict of the jury in the sum of $45,000 for the defendants herein is therefore affirmed.

Affirmed.

SEIDENFELD and T. J. MORAN, JJ., concur.