THE CITY OF CHICAGO, Petitioner-Appellee, *v.* ROBERT L. WALKER *et al.*,
Respondent-Appellant.

First District (2nd Division)    No. 63060

Opinion filed June 13, 1978.

Frederika Blankner, of New York, New York, *pro se.*

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Respondent, Frederika Blankner, appeals from the entry of an order granting petitioner, City of Chicago, a writ of assistance, evicting respondent and various other persons from a building owned by the City of Chicago. We affirm.

Prior litigation concerning this property and this respondent has been extensive. In 1964, the Department of Urban Renewal of the City of Chicago determined that a certain area adjacent to the campus of the University of Chicago was a slum and blighted area, and should be acquired for redevelopment. After the City Council approved this determination, the petitioners, City of Chicago, brought a condemnation action in April of 1968 against respondent's property and some 219 other parcels of land. Following the entry of judgment for the City, respondent appealed to the Illinois Supreme Court, which affirmed the judgment of the circuit court. (*City of Chicago v. Walker* (1971), 50 Ill. 2d 69, 277 N.E.2d 129.) Respondent's petition for certiorari was denied by the United States Supreme Court. *Blankner v. City of Chicago* (1972), 408 U.S. 931, 33 L. Ed. 343, 92 S. Ct. 2498.

On July 25, 1972, respondent filed a civil rights suit in the United States District Court for Northern Illinois. Respondent's amended complaint was dismissed in that action and she appealed to the United States Court of Appeals, which court affirmed the decision of the trial court. (*Blankner v. City of Chicago* (7th Cir. 1974), 504 F. 2d 1037.) The United States Supreme Court denied a petition for certiorari to review the judgment of the court of appeals at 421 U.S. 948, 44 L. Ed. 2d 101, 95 S. Ct. 1678 (1975).

On May 20, 1975, the City of Chicago filed a petition for writ of assistance naming as respondents, Frederika Blankner, and 20 of her tenants occupying the building located at 6043-45 South Woodlawn, Chicago, Illinois, sometimes referred to as "Constitution House." At the presentation of the petition, the court allowed respondent 15 days within which to file an answer, and set the matter for hearing on June 10, 1975.

Subsequently, Blankner filed her answer which contained allegations of fraud and a denial of due process and equal protection.

On June 10, 1975, three of the tenants appeared *pro se*, and asked the court to continue the matter. The court entered a writ of assistance as to all other named parties except the three tenants who appeared, and Blankner. The court also allowed the City 15 days to file a motion to strike Blankner's answer, gave respondent 10 days to reply thereto, and set the matter for hearing on July 23, 1975.

On June 16, 1975, the City filed its motion to strike Blankner's answer. On the same day, a fourth tenant, Frank Latham, was allowed two days to file a petition with respect to the writ of assistance, and a hearing on his petition was set for June 18, 1975.

On June 18, 1975, Blankner presented a motion to vacate certain portions of the writ of assistance entered on June 10, 1975. This motion was denied. On the same day, a legal aid attorney appeared on behalf of 17 tenants living in respondent's building and requested that the writ of assistance be stayed. On June 19, 1975, a petition prepared by the legal aid attorney requesting this same relief was filed, and after hearing argument, the court entered an order staying the writ as to these additional tenants until July 23, 1975.

On July 7, 1975, the tenants filed their answer *pro se*. On July 9, 1975, the legal aid attorney filed a motion to withdraw as counsel for the tenants, which motion was allowed by the court. On July 16, 1975, the City filed a motion to strike the answer of the tenants. On July 18, 1975, one of the tenants filed a *pro se* petition which requested the court to stay the issuance of the writ beyond July 23, 1975. The court continued this petition until July 23, 1975.

On July 22, 1975, Blankner appeared before the trial court and informed the judge that the sheriff's office had been instructed to evict everyone from her building at 12 o'clock noon the following day. The court delcared he could not believe the sheriff's office would do so and continued all matters to 9:30 a.m. the following morning.

The hearing was held on the morning of July 23, 1975. After hearing arguments of all the parties, the court found that the tenants had received proper notice of the writ of assistance, that they were not in privity with the City nor parties to the action, and that they had no standing before the court. The court then found the right of possession by the City of Chicago to be substantially free from doubt and found further that there was no appearance of equity in the defendant, Frederika Blankner, who was in possession. The court then orally directed that the writ issue forthwith. Blankner's attorney asked for a stay of the writ in order to perfect an appeal. The court denied this motion and suggested that respondent seek a stay order from the appellate court. Court was then adjourned until 2 p.m.

...

At 2:55 p.m. that afternoon, counsel for respondent appeared ex parte and informed the court that no written order had yet been prepared or submitted to the court, although it was his understanding that the attorney for the City was to prepare the order. Respondent's counsel also advised the court that he was informed that the sheriff was already at the premises at 6043-45 South Woodlawn and had already executed the writ of assistance against Miss Blankner. The court then signed an order staying execution of the writ as to Miss Blankner until such time as a formal written order was presented to the court and signed by it. Later the same afternoon however, the court set aside this stay, writing the word "VOID" across the face of the order. The court stated that he did so because he had since learned from his clerk that the writ had been presented to the court for signature at the close of the hearing at approximately 11:30 or 11:40 that morning and that the clerk had stamped copies of the writ which she gave to the attorney for the City. Respondent's attorney objected to the court signing the order on the ground that the writ had already been executed without a proper order having been signed. He argued he had not yet seen the order and that his client had been denied the opportunity to seek a stay in the appellate or supreme court by the way in which the writ was executed. The attorney asked the court to stay the writ two days. The court denied this motion and signed the writ of assistance at approximately 3:55 p.m. Respondent appeals from this judgment granting the writ of assistance and denying a stay of the writ.

OPINION

■■■ In Illinois practice a writ of assistance is a process issuing out of chancery to effect the transfer of property as an aid to the enforcement of an order or decree which has determined the rights of litigants to the title or possession of realty. (*Stubbs v. Austin* (1st Dist. 1936), 285 Ill. App. 535, 2 N.E.2d 358.) A writ of assistance is a summary proceeding and is not the institution of a new suit; rather it is auxiliary or incidental to judgment or decree, and employed to enforce or effectuate such judgment. (*Walsh v. Superior Oil Co.* (5th Dist. 1964), 50 Ill. App. 2d 40, 199 N.E.2d 428.) On an inquiry with respect to whether the writ should issue, questions determined in the main proceedings cannot be raised again or relitigated. (*Dillenburg v. Hellgren* (1939), 371 Ill. 452, 21 N.E.2d 393, *transferred* (1940), 304 Ill. App. 51, 25 N.E.2d 890.) The only issues in the proceeding are the right to possession of the property involved as determined under the decree and whether the person against whom it is asked, if not a party to the suit, came into possession pendente lite under one of the parties. *Heffron v. Gage* (1892), 44 Ill. App. 147, *affirmed* (1894), 149 Ill. 182, 36 N.E. 569.

The respondent first contends that the trial court erred by making a premeditated decision, lacking in justice. Respondent's brief however,

fails to cite any evidence in the record that supports this contention. Furthermore, we are unable to find any evidence from our own examination of the record which supports the contention that the trial judge was prejudiced against respondent, or that he reached a premature decision. Indeed, we believe the trial judge made every effort to allow respondent to bring before the court any relevant facts and evidence in her possession. The entry of an adverse judgment, standing alone, is not evidence of prejudice.

■■ Respondent next argues that her rights to due process and equal protection were violated. Insofar as respondent's arguments relate to the prior condemnation proceeding and the issue of ownership of the property (*City of Chicago v. Walker* (1971), 50 Ill. 2d 69, 277 N.E.2d 129, *cert. denied* (1972), 408 U.S. 931, 33 L. Ed. 343, 92 S. Ct. 2498), respondent is barred from re-litigating these issues under the doctrine of *res judicata*. The doctrine of *res judicata* is based on the requirements of justice and public policy that a matter once adjudicated should be deemed finally and conclusively settled in any subsequent litigation between the same parties where the same question arises. *Lytton v. Cole* (1st Dist. 1964), 54 Ill. App. 2d 161, 203 N.E.2d 590.

Insofar as respondent argues she was denied due process in the hearing for the writ of assistance, we find that the record fails to support her argument. Respondent was present in court when the City presented its petition for the writ on May 20, 1975. Respondent was given time to file a written answer to the petition and the matter was continued until June 10, 1975. The writ did not issue as to the respondent until July 23, 1975. During this period, the case was before the trial court on approximately eight separate occasions, and respondent was represented by counsel throughout the proceedings. Respondent had every opportunity to present relevant evidence. No relevant evidence was produced to bar the issuance of the writ of assistance. It is clear that she was afforded an abundance of due process of law.

■■ Respondent argues that the trial court erred by striking her answer and the answer of the tenants. Although we note that several of the tenants filed *pro se* notices of appeal, none of these individuals elected to pursue their appeal and they are not presently before this court. Respondent has no standing to pursue an appeal on behalf of the tenants where the tenants are not complaining of the writ and have elected not to join in the appeal. *Watt v. Cecil* (1938), 368 Ill. 510, 15 N.E.2d 292.

As to respondent's contention that the court erred by striking her answer, neither the record nor the transcript of proceedings contain an order striking or dismissing it. Insofar as respondent contends that based on the issues raised in her answer, *i.e.*, fraud, conspiracy and denial of constitutional rights, the trial court erred in granting the writ of assistance,

we disagree. Respondent's answer contained primarily conclusions and irrelevant allegations. The record discloses that the City had the exclusive right to the possession of the premises involved. Demand for possession was served on respondent and her tenants on May 8, 1975, and they refused to surrender possession. The trial court properly granted the writ of assistance on July 23, 1975.

Finally, respondent argues that the trial court erred in "voiding" the stay order entered on July 23, 1975, when it learned that the petitioner had directed the sheriff to proceed with evictions and demolition of Constitution House without the entry of a written order granting the writ of assistance, and in refusing to allow respondents a stay when the written order was signed, thereby rendering the proceedings illegal and void.

■■■ At the time the judge announced his ruling, he stated: "I direct that the writ issue forthwith." The judge did not request the submission of a written order, nor was one required. Rule 272 of the Illinois Supreme Court Rules provides that when a trial judge does not require submission of a written judgment order, judgment is entered of record when it is recorded in the record book. (Ill. Rev. Stat. 1975, ch. 110A, par. 272; *Scott v. Dreis & Krump Manufacturing Co.* (1st Dist. 1975), 26 Ill. App. 3d 971, 326 N.E.2d 74.) There being no evidence in the record to the contrary, we must assume the clerk promptly entered the judgment in the record book at the time the judge announced his ruling. The respondent had the right to seek a stay in the appellate court at that time, and the judge informed her of this right. The trial court's subsequent actions of granting an ex parte stay order, "voiding" that stay order, and later signing a written order granting the writ, were surplusage and did not affect the validity of the court's original ruling. Furthermore, we attach no impropriety to the sheriff's prompt execution of the writ. This court has held that it is the duty of the sheriff to execute a writ of assistance at the earliest possible moment after he has received it. *Horner v. Bell* (1949), 336 Ill. App. 581, 84 N.E.2d 672.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.